LOREN DAY V. CHRISTIAN DEJONGE ET AL.

*Equity—Decree—Effect of appeal.*

1. On the perfection of a chancery appeal, all proceedings in the lower court, except taxation of costs, are stayed by How. Stat. § 6739, and any proceeding in that court thereafter, not allowed by the appellate court, is null and void; nor can the decree be used as evidence in another suit.

2. A decree in equity cannot be proved without the rest of the record.

3. While an appeal is pending on the merits, the case stands for rehearing in the appellate court, the same as if no *final* decision had been made; which Court can make its own decree, or adopt or modify the decree below; and, whether affirmed or not, the whole case stands open until the appeal is disposed of.

Error to Ottawa. (Arnold, J.) Argued June 17, 1887. Decided June 23, 1887.

Replevin. Defendants bring error. Reversed. The facts are stated in the opinion.

*O. L. Jordan* and *Hampden Kelsey,* for appellants.

*J. C. FitzGerald* and *Allen C. Adsit,* for plaintiff.

CAMPBELL, C. J. Plaintiff sued defendants in replevin for a quantity of lumber. He based the proof of his claim chiefly on a decree of the circuit court for the county of Ottawa in the suit of *Day v. Cole,* and a cross-bill therein, which was appealed to this Court, and which was reversed in some important particulars affecting the rights of the parties in this case.[1]

The court below held it was not competent to show that the case was appealed in bar of any rights under the original decree, and held that this decree, although appealed from, was nevertheless in full force, and not suspended or superseded.

This was erroneous. Under the English practice, and that of some other courts, an appeal does not prevent the operation of a decree unless so ordered in a particular case. But our statutes have from the beginning required bonds on appeal, and have declared that, when the appeal is perfected, all proceedings in the circuit court, except taxation of costs, shall be stayed. How. Stat. § 6739. Any proceeding in the circuit court thereafter, not allowed by this Court, is null and void. *Beal v. Chase,* 31 Mich. 490. The law, when this appeal was taken, provided further for the transmission into this Court of the whole original record, so as to leave nothing in the court below by which a decree could be shown, inasmuch as a decree in equity cannot be proved without the rest of the record.

It would be a very singular thing if parties, pending an appeal under such a statute as ours, could use the decree as

---

[1] See 65 Mich. 129.

evidence in their favor, and thus practically enforce it so as to avoid the effect of a subsequent reversal. A judgment at law cannot be reversed for matters *ex post facto,* and a party who gets a reversal cannot be required to go into another court, or to resort to a different proceeding in the appellate court, to get back what he has lost in the interval, when parties may have died or become insolvent. The statute would lose all its real force if a decree could be treated after appeal as if no appeal had been taken. Its language is too plain for argument. While an appeal is pending on the merits, the case stands for rehearing in this Court, and remains as if no final decision had been made. This Court can make its own decree if it finds it desirable, or it may adopt or modify the decree below. Whether affirmed or not affirmed, the whole case stands opons until the appeal is disposed of. When it is decided, the parties are in the same legal position, if living and not bankrupt, or otherwise divested of their estates, as if the hearing were original. Whatever change may occur during the appeal must arise from something else than the original decree.

As the case depends substantially on the force given to the decree, there is no occasion to go further.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.