ALLAN SHELDEN ET AL. v. JACOB WEATHERWAX ET AL.

*Equity—Appeal—Hearing in Supreme Court.*

Where the testimony in a chancery suit is taken in open court, and no case has been settled under the statute, it must stand for hearing on appeal upon the pleadings, orders, files, and decree *alone*, and it will be presumed that there was evidence in the lower court to sustain the decree as made.

Appeal from Montcalm. (Smith, J.) Argued April 19, 1889. Decided June 21, 1889.

Bill to foreclose chattel mortgages, and for other relief. Complainants and defendants Weatherwax appeal. Decree affirmed. The facts are stated in the opinion.

*John Lewis,* for complainants.

*George S. Steere,* for defendants Weatherwax.

MORSE, J. On the twenty-eighth day of April, 1884, William H. Black, Robert Black, and Samuel Massey, of the village of McBrides, in Montcalm county, Michigan, made and executed, under their firm name of Black Bros. & Massey, to Louisa A. Black, 10 promissory notes of $100 each, securing the same by a chattel mortgage of $1,000 upon their stock of goods and merchandise in said village. This mortgage was properly filed on the same day. July 22, 1884, Louisa A. Black duly sold and assigned this mortgage to the

complainants Allan Shelden, George A. Owen, John A. Murray, Archibald Y. Gray, Henry T. Beadle, and George S. Wells. At the time of this mortgage being filed, William H. Black had no interest in the goods mortgaged.

May 31, 1884, Robert Black and Samuel Massey, being indebted to the complainants last above named, made their note to them for $3,304.85, and, to secure such note, executed a chattel mortgage to the same complainants upon the same goods mentioned in the Louisa A. Black mortgage, and upon other property.

On the same day the Louisa A. Black mortgage was filed, to wit, April 28, 1884, Robert Black and Samuel Massey, both in their individual names and in the name of the firm of Black & Massey, which succeeded the firm of Black Bros. & Massey, made a note to the defendants Jacob and John M. Weatherwax for the sum of $5,414.80, and executed a chattel mortgage upon the same goods covered by complainants' mortgages, for the same sum, to secure the payment of the said note to Jacob and John M. Weatherwax.

The controversy in this suit grows out of these mortgages.

The complainants last above named filed their bill in the circuit court for the county of Montcalm, in chancery, to foreclose their mortgages, and asking relief against the mortgage of the defendants Weatherwax, on the ground that the same was fraudulent as against them, and a subsequent lien in any event to the Louisa A. Black mortgage, and prayed that a receiver might be appointed to take possession of the property, which was then in the hands of the defendants Weatherwax, who had taken possession of the same under their mortgage, and also asked for an injunction against the defendants Weatherwax to prevent the selling of the goods by them under their mortgage.

The defendants Weatherwax answered, denying that their mortgage was fraudulent, and insisting that their mortgage was a prior lien to the Louisa A. Black mortgage.

A temporary injunction was issued. The bill was filed August 11, 1884. September 23, 1884, a motion made to dissolve the injunction was denied. October 2, 1884, an application to appoint a receiver was denied, upon condition that the defendants Weatherwax should execute and file a bond in the cause, with two sufficient sureties, in the penal sum of $8.000, running to the complainants, and conditioned that the defendants Weatherwax would sell and dispose of the goods and chattels embraced in the mortgages, and in their possession, at public auction, after at least 10 days' notice, to be given by posting in three or more public places in the city of Stanton, in said county of Montcalm; such sale to be made within 30 days from the date thereof. The further condition was made that the defendants Weatherwax, upon the rendering of the final decree in the cause, would pay unto the register of the court, upon demand of complainants, the proceeds of such sale, to be paid out as the court by such decree or otherwise might direct.

October 8, 1884, the required bond under this order of October 2, 1884, was filed by defendants Weatherwax, with proper and sufficient sureties.

It appears from the record that the complainants George L. Sampson, Frank D. Black, and Hammond, Standish & Co., on the third day of June, 1887, petitioned the court to be also made parties complainant in the cause, and, upon consent of the parties, this was done.

It also appears from the record that the cause came on to be heard on pleadings and proofs, April 24, 1888, at which time the circuit judge, Hon. Vernon H. Smith, made an order containing the following recital:

"It appearing to the court that no return of the doings and proceedings of the said defendants Jacob and John M. Weatherwax, under an order for the sale of the goods in question in this suit, made by this court and filed on the second day of October, 1884, has ever been made and filed in said cause; and it further appearing to the court necessary

and proper that such return should be made, or that proof of the proceedings under such order be made upon the hearing of this cause;"—

Therefore, upon the application of George S. Steere, solicitor for defendants Jacob and John M. Weatherwax, it was decreed in such order that the cause be reopened to take testimony as to the proceedings of sa⁚ defendants under said order of sale,—such evidence to be taken at Ionia, on the fourth day of May, 1888.

On the tenth of September, 1888, a final decree was entered upon the pleadings and proofs, and it was therein found and decreed by the court that the mortgage of the defendants Weatherwax should stand as the first mortgage, and have the preference over the Louisa A. Black mortgage, and that there was due on the said Weatherwax mortgage, October 22, 1884, the time of the sale of the goods, the sum of $3,556.25, and that the goods received and disposed of by said Jacob and John M. Weatherwax under said mortgage were worth, when taken, the sum of $4,000.

And the court found from the evidence as to the value of the stock, and the way and manner said stock was handled and sold by said defendants, that said defendants should account for said goods in the said sum of $4,000. It was then decreed that the defendants Weatherwax pay to the said complainants the sum of $443.75, the difference between $4,000 and $3,556.25, together with the complainants' costs, to be taxed.

From this decree both the complainants and the defendants Weatherwax appeal to this Court, but on the hearing here the complainants announce themselves satisfied with the decree, and ask its affirmance.

It seems the testimony in the cause was taken in open court. No case has been settled, and the suit must stand for hearing in this Court upon the pleadings, orders, files, and decree, without testimony. In such a case it is conceded by

counsel for defendants Weatherwax that the presumption must be that there was evidence in the lower court to sustain the decree as made therein. But the counsel for the defendants claims that the decree should be modified to conform to the order of sale, which he claims was a final order, and that the defendants be awarded costs in both courts.

It is contended that the defendants Weatherwax can only be charged with the proceeds of the sale under said order, and it is insisted that if they did not fairly and in good faith conduct the sale in such a way as to get the fair value of the goods out of it, and that if the stock was not handled in a proper way and manner, these facts, and any others tending to show that defendants were in default in the way in which the goods were disposed of under this order of sale, should have been alleged in a supplemental bill, and an issue been formed thereon; that evidence of these facts was not admissible in the cause, and could not be properly received or considered by the court until such issue was made.

The counsel insists that as the case now stands there is no issue on the value of the property, or on the way and manner in which the defendants disposed of the property under the order of sale.

The trouble with this claim of the defendants is that there is no evidence in the record that the defendants Weatherwax ever complied with this order, except to give a bond. There is a recital in the decree, it is true, that the twenty-second of October, 1884, is the date of the sale of the goods; and, while it may be inferred from the record that the defendants Weatherwax sold them, there is nothing to show that they were sold under this order of October 2, 1884, or in compliance with its terms and directions.

No return of the sale was made to the court, and what the evidence was, or whether any was taken, under the order of the court made upon the application of defendants' solicitor, April 24, 1888, does not anywhere appear in the record before

us. Neither are we informed by the record how much the goods were sold for,—whether for $4,000, or more or less than that sum.

It must be presumed, in the absence of any showing to the contrary, that the circuit judge was justified, from the evidence in the case, in finding that the defendants must account for the goods at the value of and in the sum of $4,000. And it does not seem to us that the counsel for the defendants Weatherwax can come into this Court in very good grace, and ask a ruling here that the testimony, if any was taken, obtained under the order made on his own application, and evidently for his benefit, should not have been considered by the court below upon the final hearing.

The decree of the court below must be affirmed, with costs to complainants.

The other Justices concurred.