THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY
COMPANY ET AL. v. FITZWILLIAM H. CHAMBERS,
ASSOCIATE JUDGE OF THE RECORDER'S
COURT OF DETROIT.

| 89 | 5 |
|---|---|
| 107 | 663 |
| 89 | 5 |
| 111 | 574 |
| 89 | 5 |
| f122 | 489 |

*Appeal—Motion to dismiss—Settlement of case—Extension of time.*

1. The effect of filing a claim for appeal, and the statutory bond, is to transfer the cause to the Supreme Court, after which that Court alone has jurisdiction of a motion to dismiss the appeal.

2. The appeal will not lapse in such a case, even if the right to settle a case is lost, the appellants having a right to go to a hearing upon the pleadings, files, and records in the cause; citing *Shelden v. Weatherwax,* 75 Mich. 418.

3. A verdict in a street-opening case was rendered January 12 and confirmed January 23, and the respondents filed a claim for appeal and an approved bond within the statutory time. Upon filing such claim they requested the official stenographer of the court, who took the testimony, to furnish them with a transcript of his minutes, which was not done until April 15, 1891, leaving only eight days within which to prepare and present a case for settlement. And it is held that under the settled practice of this Court it was the duty of the presiding judge to settle a case, and to that end to grant an extension of time for such settlement.

4. While it would have been the better practice for respondents to have applied for such extension before the statutory time had expired, a failure to do so would not justify a refusal of the application, under the circumstances of the case.

*Mandamus.*   Submitted November 13, 1891.   Granted December 21, 1891.

Relators applied for *mandamus* to compel the respondent to set aside an order certifying the verdict roll in a street-opening case to the common council, and to settle the case for hearing upon the merits in the Supreme Court.. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor (Alexis C. Angell* and *Washington I. Robinson,* of counsel), for relators.

*Charles W. Casgrain* and *Charles S. McDonald (Don M. Dickinson,* of counsel), for respondent.

GRANT, J. The city of Detroit filed a petition in the recorder's court for the opening, widening, and extending of certain streets. Forty-one of ˝the property-holders mentioned in the petition were either served with process or voluntarily appeared. The trial lasted many days, and the jury rendered a verdict January 12, 1891.

The relators filed and gave notice of appeal, and gave the necessary appeal-bond, which was approved by the court. This was done within the time required by the statute. The verdict was confirmed January 23, 1891. Upon filing their claim for an appeal the relators requested the official stenographer of the court, who took the testimony, to furnish them with a copy of the transcript. Such transcript was not completed until April 15, 1891. Only eight days were left within which to prepare and present a case for settlement. The attorneys for the relators, Edwin F. Conley, Washington I. Robinson, and A. C. Angell, filed affidavits in the recorder's court on June 19, showing due diligence, and the impossibility of preparing the case for settlement within the time allowed by statute, and moved the court for an extension of time. Meanwhile, and upon May 29, the city moved the recorder's court to dismiss the appeals, and for an order directing the clerk to transmit a certified copy of the verdict roll to the common council. June 20 the court denied the motion to dismiss, but directed the clerk to transmit the verdict roll to the council. On June 22 the court denied the motion for an extension of time. Relators now pray for the writ of *mandamus* to compel the respondent to set aside the order certifying the verdict

roll to the council, and to settle the case for hearing upon the merits in this Court. The statute providing for appeals in these proceedings directs that—

"Such appeal shall be perfected within the same time, and prosecuted, as an appeal in chancery, as near as may be, subject to the provisions of this act." 3 How. Stat. § 3064*l*.

1. The respondent had no jurisdiction to dismiss the appeal. The effect of filing the claim for appeal, and the bond, was to transfer the cause to this Court, and the motion to dismiss should have been made here. Such appears to be uniform practice. *Covell v. Mosely,* 15 Mich. 514; *Babcock v. Twist,* 16 Id. 282; *McBride v. Rea,* 33 Id. 347; *Ball v. Ball,* 18 Id. 380.

2. Even if the right to settle a case were lost, the appeal would not lapse, but appellants would have a right to a hearing in this Court upon the pleadings, files, and records in the cause. *Shelden v. Weatherwax,* 75 Mich. 418.

3. Under the former decisions of this Court, it was the duty of the respondent to settle the case, and to grant an extension of time for that purpose. While it would have been the better practice for relators to have applied to the court for an extension before the time fixed by the statute for settling the case had expired, still this would not justify a refusal, under the circumstances of this case. The practice has been clearly settled in favor of the relators by the former decisions of this Court. *Cameron v. Calkins,* 43 Mich. 191; *Gram v. Wasey,* 45 Id. 223; *Tilden v. Wayne Circuit Judge,* 44 Id. 515.

The writ will issue as prayed.

The other Justices concurred.