ALBERT H. PETRIE v. ALBERT DICKERMAN, CIRCUIT JUDGE OF MUSKEGON COUNTY.

[See 88 Mich. 43; 95 Id. 439.]

*Accounting—Appeal—Stay of proceedings.*

1. Where, pending an appeal from a decree on an accounting had pursuant to the main decree, which contained a further direction that the defendant, from time to time, and at stated intervals, file an account of sales and expenditures showing transactions occurring in the interim, a supplemental state-

ment of account is filed, *mandamus* will not lie to compel the circuit judge to set a day for taking testimony and hearing on the account.

2. In such a case, if pressing necessity exists for departing from the usual practice, application should be made to the Supreme Court for authority to have the hearing proceed under How. Stat., § 6739, which stays all proceedings in the lower court after an appeal has been perfected, except taxation of costs and proceedings in relation to an additional bond, until otherwise ordered by the Supreme Court, and on such application said Court can direct as to the manner of supplying the necessary copies of the proceedings.

*Mandamus.* Argued November 21, 1893. Denied December 8, 1893.

Relator applied for *mandamus* to compel respondent to proceed with the hearing on an accounting. The facts are stated in the opinion.

*Bunker & Carpenter* (*Kingsley & Kleinhans,* of counsel), for relator.

*Smith, Nims, Hoyt & Erwin* (*Uhl & Crane,* of counsel), for respondent.

MONTGOMERY, J. In the case of *Petrie v. Torrent,* 88 Mich. 43, a decree was entered directing an accounting between the parties as to the transactions involved, and which had terminated, and a further direction was made that defendant, Torrent, from time to time, and at stated intervals, file an account of sales and expenditures showing transactions occurring in the interim. The main accounting has been had, and both parties have appealed from the decree to this Court, but no hearing has yet been had on the appeal. A supplemental statement of account has been filed with the register of the circuit court in chancery. Since the filing of the account the relator applied to the respondent, asking that a day be set for taking testimony and hearing on the account. The appli-

cation was denied, on the ground that the cause had been removed to this Court by the appeal. This application is made for *mandamus* to compel the circuit judge to proceed.

The circuit judge was right. How. Stat. § 6739, provides:

> "Upon the entering of such appeal, and the filing of such bond, as directed in the preceding section, all proceedings in the cause, in the circuit court in chancery, shall be stayed, except taxation of costs and proceedings in relation to an additional bond."

This statute has been twice construed by this Court. *Beal v. Chase,* 31 Mich. 490; *Day v. De Jonge,* 66 Id. 550. In the latter case it was held that any proceeding in the circuit court after appeal to this Court is null and void.[1] When it is considered that an appeal removes from the custody of the circuit court in chancery all the papers in the case, the bill, answer, testimony, and original decretal order, the propriety of this holding as applied to the present case is apparent. If pressing necessity exists for departing from the usual course, application should be made to this Court for authority to have the hearing proceed under the statute above quoted, and on such application this Court can direct as to the manner of supplying the necessary copies of the proceedings, etc. In most cases, however, the delay incident to the hearing of an appeal in this Court would not be deemed sufficient ground for departing from the usual practice.

The *mandamus* will be denied.

The other Justices concurred.

---

[1] See *Railway Co. v. Chambers,* 89 Mich. 5, holding that the effect of perfecting an appeal is to transfer the cause to the Supreme Court, after which that Court alone has jurisdiction of a motion to dismiss the appeal.