## WRIGHT v. KING.

Appeal—Effect of—Execution—Levy on Property of Sureties on Appeal Bond.

Upon the filing of a bond under 3 How. Stat. § 7621c *et seq.*, in stay of execution, and the issuance of a writ of error, the circuit court loses jurisdiction, and has no power to make any further order in the cause until the same is properly transmitted to that court from the Supreme Court. In such case, therefore, an execution does not become "legally issuable" out of the circuit court, within the meaning of 2 How. Stat. § 7029, which forbids a levy upon the property of a surety on an appeal bond unless the execution is issued within thirty days from the time when it shall be legally issuable, until the filing of a *remittitur* from the appellate court.

Error to Jackson; Peck, J. Submitted December 3, 1895. Decided December 24, 1895.

*Assumpsit* by Zenas R. Wright against Theodore A. King and others upon a sheriff's bond. From a judgment for defendants, plaintiff brings error. Reversed.

*D. P. Sagendorph*, for appellant.

*Richard Price*, for appellees.

Long, J. This action was brought on the official bond of Mark H. Ray, former sheriff of Jackson county, who

died before the commencement of this suit. The defendants were his bondsmen. It appears that on August 25, 1888, the plaintiff in the present suit obtained judgment before a justice of the peace against one Will Beach. That cause was appealed to the circuit court, and on August 19, 1889, judgment was entered against Beach, and John McDevitt and Edward C. Morrissey, his sureties on the appeal bond. On September 9th, the defendant Beach commenced proceedings to remove that case to this court, giving a bond for stay of execution. October 10, 1890, that judgment was affirmed in this court. See 82 Mich. 469. A motion for rehearing was made in the cause on October 15th, and denied November 12th. On November 25th a *remittitur* was issued from this court, and filed in the circuit; and on the 26th of November an execution was issued, returnable December 18th, commanding the sheriff to make and collect the amount therein named from the goods, chattels, lands, and tenements of Will Beach, John McDevitt, and Edward C. Morrissey, defendants. The sheriff demanded a bond of indemnity from the plaintiff in the suit, which was given. Thereafter he returned the execution, without collecting the same, and returned the plaintiff's bond of indemnity, and took one from the defendants in that suit, to save him harmless by reason of not making the levy under the execution. The return is indorsed as follows:

" I do hereby return that the within named Will Beach has no goods or chattels, lands or tenements, or real estate, in my bailiwick, whereof I can cause to be made the damages and costs within mentioned, or any part thereof; and I do further return that the sureties within named are in possession of property liable to execution, the ownership of which they acknowledge."

As this return was originally written, the following appears after the word " acknowledge:"

" I did not levy on said property of said sureties for the reason that the within execution was not issued within 30 days after the same was legally issuable."

The return is dated December 22, 1890, and is signed by Mark H. Ray, sheriff.

The cause was heard before the court without a jury, and the court says:

" Defendants deny that it was the duty of the sheriff to levy the execution upon the property of the sureties, and insist that it could not lawfully be levied upon their property, for the reason that they were sureties upon the appeal bond of defendant Beach in that suit, and the execution was not issued within 30 days from the time it was legally issuable. This contention presents the only question which has been argued before me."

The court below found that the execution was not issued within 30 days from the time it was legally issuable, and therefore could not lawfully be levied upon the property of the sureties on the appeal bond, and that the sheriff was justified in refusing to make the levy. Judgment was entered in favor of the defendants.

2 How. Stat. § 7029, provides in such cases that " no execution issued on a judgment so entered on motion against appellant and surety shall be levied on the property of the surety unless such execution, if issued in the circuit court, is issued within 30 days, or, if issued in the Supreme Court, within 90 days, from the time when the same shall be legally issuable," etc. The court below was of the opinion that the 30 days did not begin to run until the cause was decided in this court, but that, on the day the case was so decided in this court, the 30 days provided by the statute did begin to run, and that the execution could have issued from the circuit court on that date; and that, more than 30 days having elapsed from that date, the plaintiff lost his remedy against the sureties on the appeal bond.

In this the court was in error. When the bond was given to stay execution, on appeal to this court, the circuit court lost jurisdiction. It had no power to make any further order in the case until the cause was properly transmitted from the Supreme Court to that court.

*Day* v. *De Jonge,* 66 Mich. 550; *Lake Shore, etc., R. Co.* v. *Chambers,* 89 Mich. 5; *Weiss* v. *Wayne Circuit Judge,* 50 Mich. 158. It is admitted by counsel that, after the appeal to this court, the circuit court lost jurisdiction; but, in an opinion filed in the cause by the circuit judge, it is held that, after the decision here, it was the duty of the plaintiff to at once, and within the 30 days fixed by this statute, cause a *remittitur* to be filed in the circuit court, and that, having failed to do this within the 30 days after the case was decided here, he lost all remedy against the sureties on the appeal bond. We think the court below was in error in so holding. The cause was beyond the jurisdiction of the circuit court until the *remittitur* was filed in that court, and no execution was "legally issuable" until that had been done. *Lake Shore, etc., R. Co.* v. *Chambers,* 89 Mich. 5. The courts of other states have established the same practice. *Compton* v. *Bowns,* 26 N. Y. Supp. 18; *State* v. *Levelle,* 38 S. C. 216.

We think the question raised that the bond declared upon had no seal, while the one introduced in evidence was under seal, need not be discussed. The court admitted the bond in evidence, and the only point raised from which an appeal has been taken has been stated.

The judgment must be reversed, and judgment entered here in favor of plaintiff for the amount of the judgment against Beach and his sureties ($236.64), with interest at 6 per cent. from the date of such judgment to the date of entry of judgment here, with costs of both courts.

The other Justices concurred.