GEORGE NILES WATSON, Appellant, v. JULIA RICHARDSON, et al.

**Judgment:** RES ADJUDICATA. A judgment in an action involving an interest in real estate is *res adjudicata* in an action involving title to personalty; the parties being identical, and the vital issue in both suits being whether plaintiff might inherit as sole heir of a certain person, and the same evidence being required in each.

PENDING APPEAL. A judgment or decree is *res adjudicata* pending appeal, Code, section 4128, providing that no proceedings under a judgment or order shall be stayed by an appeal, in the absence of a supersedeas bond, and that no appeal or stay shall vacate or affect such judgment or order.

**Abatement:** SAME CAUSE OF ACTION ESSENTIAL. An action, to be pleadable in abatement of another, must involve the same cause of action. It is not enough that it depends on the same right or title.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

MONDAY, OCTOBER 16, 1899.

MOTT WATSON died intestate August 26, 1895; and on September 5, 1895, following, Leslie C. Watson and W. M. Stevens were appointed administrators of his estate. George Niles Watson filed a petition Februray 4, 1897, in which he alleged himself to be the illegitimate son and sole heir of the deceased, and that he had been generally and notoriously recognized, and also in writing, by the deceased, as such, wherefore he prayed the personal estate be distributed to him by the administrators. The collateral heirs of the deceased answered, denying the allegations of the petition. By way of an affirmative defense, they set out all the pleadings in the suit in partition of *Watson v. Niles,* 110 Iowa, 673, wherein an opinion was filed at the present term of court, and the decree of the district court declaring the so-called George Niles Watson not the heir of the deceased, and alleged such decree to be a complete adjudication against the plaintiff. They further pleaded the appeal of that case to the supreme court, and its pendency here, by way of abatement. Thereupon the plaintiff demurred to the answer, other than the general denial, on two grounds: (1) That the plea in bar was insufficient, as it appeared the action was pending in the supreme court, and not finally determined; and (2) that the plea in abatement was not good, as different subject-matter was involved. Thereupon the demurrer to the plea in bar was sustained, and overruled as to the plea in abatement, and the plaintiff failed to reply. Both parties appealed,—that of plaintiff being first taken.—*Reversed.*

*Murray & Farr, G. L. Johnson, Hayes & Schuyler, Levi Keck, A. L. Bartholomew,* and *D. A. Wynkoop* for appellant.

*W. C. Gregory, L. A. Ellis, Joe R. Lane, B. F. Thomas, F. D. Kelsey,* and *W. A. Rogers* for appellees.

LADD, ·J.—The plea in bar was good. The vital issue in *Watson v. Niles, supra,* as in this suit, was whether the plaintiff in this case might inherit as the sole heir of Mott. Watson, deceased. That involved an interest in land; this, the title to the personal property. The parties in each action are identical. The same evidence would be required. In *Goodenow v. Litchfield,* 59 Iowa, 228, it was said, quoting from 2 Smith, Lead. Cas. 789: "An adjudication by a competent tribunal is conclusive, not only in the proceeding in which it is announced, but in every other where the right or title is the same, although the cause of action may be different." The very right to recover is based on precisely the same ground in both actions. It is not essential that the causes of action be the same. The right or title on which they rest must be. *Aurora City v. West,* 7 Wall. 82; *Whitaker v. Johnson Co.,* 12 Iowa, 596; *Newby v. Caldwell,* 54 Iowa, 102; *State v. Waterman,* 87 Iowa, 260. See *Thomas v. McDaneld,* 102 Iowa, 564, and authorities cited. True, that action had been appealed to this court. Our statute expressly provides that "no proceedings under a judgment or order, nor any part thereof, shall be stayed by an appeal," unless a supersedeas bond is filed, and that "no appeal or stay shall vacate or affect such· judgment or order." Code, section 4128. The judgment remains in full force for all purposes, —subject only to determination on appeal, until which time process thereon may be suspended. *Lindsay v. Clayton Dist. Ct.,* 75 Iowa, 512; *Cole v. Edwards,* 104 Iowa, 373; *Hackett v. Freeman,* 103 Iowa, 296. Because of this statute we are precluded from adopting the rule which obtains in many

states, holding that an appeal suspends the effect of a judgment, as an estoppel. See *De Camp v. Miller,* 44 N. J. Law, 617; *Atkins v. Wyman,* 45 Me. 399; *Day v. De Jonge,* 66 Mich. 550 (33 N. W. Rep. 527); *Haynes v. Ordway,* 52 N. H. 284; *Small v. Haskins,* 26 Vt. 209; *Naftzgen v. Gregg,* 99 Cal. 83 (33 Pac. Rep. 757, 37 Am. St. Rep. 23), and note; *Byrne v. Prather,* 14 La. Ann. 653. The very evident purpose of this statute is to preserve to the prevailing litigant the fruits of his judgment, even though an appeal has been taken. Independent of statutory enactment, this rule obtains in England, and has the approval of courts of high repute in this country. *Creighton v. Keith,* 50 Neb. 810 (70 N. W. Rep. 407); *Nill v. Comparet,* 16 Ind. 107 (79 Am. Dec. 412); *Parkhurst v. Berdell,* 110 N. Y. 386 (18 N. E. Rep. 123); *Moore v. Williams,* 132 Ill. 589 (24 N. E. Rep. 619, 22 Am. St. 563); *Faber v. Hovey,* 117 Mass. 108; *Willard v. Ostrander,* 51 Kan. 481 (37 Am. St. 294, 32 Pac. Rep. 1092). See *Vinsant v. Vinsant,* 49 Iowa, 641; Freeman Executions, section 328. The word "judgment" is used in its generic sense in the chapter relating to procedure in the supreme court, and includes decrees in equitable actions. *Lindsay v. Clayton Dist. Ct., supra.* It has sometimes been held that in such actions, because triable anew and subject to final disposition, the first decree should not be pleadable in bar. See *Curtiss v. Beardsley,* 15 Conn. 518; *Cain v. Williams,* 16 Nev. 426. But the distinction, if well founded, between judgments from which appeals are triable de novo, and on errors assigned, is not made by the statute quoted. Besides, the right to render final judgment is not limited to equity causes. "The court may reverse, modify or affirm the judgment, decree or order appealed from, or render such as the inferior court should have done." Code, section 4139. Section 4128 of the Code leaves no option, save to hold that a judgment or decree is *res adjudicata* until set aside, modified, or reversed. That this may involve hardship occasionally must be conceded, but under

a contrary holding the defeated party might avoid the force of the decision for an indefinite period by merely taking an appeal.

II.    The fact that the action depends upon the same right or title will not suffice to sustain a plea in abatement. It must involve the same cause of action. *Railroad Co. v. Heard,* 44 Iowa, 358; *Osborn v. Cloud,* 23 Iowa, 108; *Jones v. Brandt,* 59 Iowa, 343; *Aetna Iron Works v. Firmenich Mfg. Co.,* 90 Iowa, 390; *Matthews v. Bank,* 44 Minn. 442 (46 N. W. Rep. 913); 1 Am. & Eng. Enc. Law, 761, and cases collected; note to *Smith v. Lathrop,* 84 Am. Dec. 448. The cause of action in the suit for partition of the land was not the same as that demanding the personal property. The latter could not have been joined with the former (Code, section 4240), and was necessarily prosecuted in a separate suit.

III.    The action for partition involved the very right to all the property left by the deceased, and the situation of the parties was such as to warrant a continuance of other suits involving the same right or title until that was determined. *Implement Co. v. Stevens,* 51 Kan. Sup. 530 (33 Pac. Rep. 367. *In re Troxler,* 46 La. 738 (15 South. Rep. 153). On both appeals, REVERSED.

WATERMAN J., takes no part.