LESLIE C. WATSON, JULIA RICHARDSON; JESSE B. WATSON and wife, LUCIA BIRD, JOHN BIRD, GEORGE B. WATSON and wife, KATE M. KENT, EDGAR WATSON and wife,. EUGENE WATSON and wife, JULIA L. CHILDS, AUSTIN WATSON and wife, DAY OTIS WATSON and wife, GEORGE. R. WATSON and wife, IDA A. HUDSON, JOSEPH HUDSON,. CORA MAY ROGERS and husband, and ALICE WATSON, Appellants, v. GEORGE D. NILES, alias GEORGE NILES· WATSON.

Appeal: SUPERSEDEAS BOND: *Bond by appellee.* Under Code, sec-· tion 4128, providing that no proceedings under a judgment or· order. nor any part thereof, shall be stayed by an appeal, unless the appellant executes a bond. and that no appeal or stay shall vacate or affect such judgment or order. defendant having appealed from the judgment for plaintiff without giv-· ing a supersedeas bond, is not entitled, on petition alleging his· inability to file such bond, to have plaintiffs give bonds to· refund in case of reversal. the judgment otherwise to be stayed.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE,. Judge.

SATURDAY, DECEMBER 22, 1900.

AFTER trial on its merits in the district court, judgment was rendered herein for the plaintiffs, from which the defendant appealed, but gave no supersedeas bond. After the appeal was perfected he filed his petition herein, asking that the referees who had been appointed to sell the real estate belonging to the estate of Mott Watson be restrained from so doing, and from distributing the proceeds thereof, pending his appeal to this court. The order was granted, over the objections of the plaintiffs, so far as to require the plaintiffs to give bonds for their distributive shares. The plaintiffs appeal.—*Reversed.*

*W. C. Gregory, L. A. Ellis, W. J. Rogers, Joe R. Lane* and *F. D. Kelsey* for appellants.

No appearance for appellee.

SHERWIN, J.—Section 4128 of the Code provides that "no proceedings under a judgment or order nor any part thereof shall be stayed by an appeal unless the appellant executes a bond, \* \* \*" and that "no appeal or stay shall vacate or affect such judgment or order." The appellee alleged in his petition that he could not give a supersedeas bond, and thereupon the court determined that, unless the appellants furnished bonds to refund in case of reversal by this court, the judgment should be stayed. This was a direct nullification of the statute, and cannot be sustained. *Watson v. Richardson,* 110 Iowa, 698. The order of the district court is REVERSED.