## BREEN v. BREEN.

DIVORCE — ALIMONY AND EXPENSE MONEY — APPEAL AND ERROR.

An allowance may be made by the Supreme Court for solicitors' fees and expenses in an appeal from a decree refusing complainant a divorce, after the filing of a claim of appeal, although the testimony has not been settled or the return made. Act No. 299, Pub. Acts 1909.

Bill by Adelia M. Breen against William J. Breen for a divorce: On motion of complainant for an allowance of alimony for the purpose of defraying the expense of appealing from a decree dismissing the bill. Submitted December 14, 1909. (Calendar No. 23,795.) Motion granted December 30, 1909.

*C. G. Turner*, for the motion.

*Clapperton & Owen*, contra.

MONTGOMERY, J.   This is an application for an allowance of alimony.   It appears that the case has proceeded to a decree in the court below and a claim of appeal to this court has been filed with the register of the court, and a showing is now made for the purpose of securing an allowance for a transcript of the stenographer's report of the testimony, for printing the brief, services of counsel, registry fee, etc.

It is objected by the defendant that this court has no jurisdiction of the case for the purpose of allowing this motion.   The statute authorizing appeal (Act No. 299, Pub. Acts 1909, § 2) provides:

"Any party desiring to appeal from the order or decree of the circuit court in chancery shall, within forty days after the entry of such order or decree, or, in cases where the cause is heard upon proofs and pleadings taken in open court, or before a circuit court commissioner, or by deposition, then within forty days after the settlement of the case upon such appeal, file or cause to be filed a claim of appeal in writing with the register of the court where such decree or order was entered, and shall also within the said forty days pay a fee of five dollars to the register in chancery."

It is contended that until the case is settled it may not be appealed to this court.

Under a statute entirely similar (2 How. Stat. § 6647), it was held that, although the time for taking an appeal begins to run from the settlement of the case, the fact that the appeal was taken prior to the settlement of the case is not necessarily a ground for the dismissal of the appeal. *Simons* v. *Simons*, 47 Mich. 645 (10 N. W. 360).   And in *Van Voorhis* v. *Van Voorhis*, 90 Mich. 276 (51 N. W. 281), we entertained jurisdiction to grant alimony in a case in which there had been no settlement of the testimony so far as the record discloses.

The showing before us is that the complainant is occu-

pying a homestead owned by the parties; that she is re-
ceiving $18 a month rental for the lower story and living
in the second story; that, in addition to this, the defend-
ant is furnishing her an allowance of $35 a month, and
the petitioner does not ask for any allowance for her own
support.   She does ask for $1,186, which consists of an
estimated expense of $540 for the transcript of the record
and for printing the same and printing the brief, $11 for
clerk's and register's fees, and $635 for counsel's services
and expenses.   In a case in which the complainant has had
a hearing in the circuit and been denied relief, there is no
such presumption that she is entitled to maintain a bill of
this character as to justify an extravagant allowance of
counsel's fees for the preparation and submission of the
case.   The same counsel is engaged who was employed
in the court below.   Presumably he is familiar with the
testimony, and it is not believed that at any reasonable per
diem his services will amount to the sum stated for pre-
paring and submitting this case.

We limit the allowance of counsel's fees to $200, and,
as to any further allowance for services, the parties must
be content to await a determination at the hearing.   In
addition to this, there will be an allowance of $200 for the
transcript to be paid within ten days, $300 for the printing
of the record, or, in lieu thereof, the defendant is at lib-
erty himself to secure the printing of the record, $40 for
printing the brief, and $11 to cover the register's fee and
the fee of the clerk of this court, making a total allowance
of $751.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ.,
concurred.