MARGARET GRANGER, Appellee, v. DORA GRANGER et al., Appellants.

**PARTIES: Partition—Misjoinder of Defendants.** In action to partition real property, every person having an interest therein, whatsoever the nature or quality of such interest may be, should be made a party, even though issues arise between some of the parties not common to all. (Sec. 4240 *et seq.*, Code, 1897.) So held where

the widow was made a party defendant in an action in which the issues between the sons and daughters were of no concern to the widow.

**PARTITION**: Issues Adjudicated—Right of Bastard to Inherit. The
2   right of an illegitimate child to inherit a share of the property may be adjudicated in an action of partition, such action contemplating the fullest adjudication of title. (Sec. 4240 *et seq.*, Code, 1897.)

**ACTIONS**: Partition—Misjoinder—Distribution of Real and Personal
3   Property—Nonprejudicial Error. The demand for the recovery of personal property may not be joined with an action to partition real property, but such improper joinder is wholly without prejudice when the record is barren of any evidence as to the amount of the personal property and the court makes no order in reference thereto.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

THURSDAY, MAY 13, 1915.

REHEARING DENIED WEDNESDAY, OCTOBER 6, 1915.

Suit in partition in which the right of plaintiff to inherit was put in issue. On hearing, she was found to have been the natural child of deceased, Earl Granger, and to have been generally and notoriously recognized as his daughter, and therefore entitled to inherit as an heir. The defendants appeal.—*Affirmed.*

*O. N. Elliott, C. E. Wheeler,* and *F. F. Dawley,* for appellants.

*Voris & Haas,* for appellee.

LADD, J.—I. The petition alleged that Earl Granger died intestate, in 1908, leaving him surviving his widow, Dora Granger, and two sons, Arthur E. and Alfred Granger; that

1. PARTIES : partition : misjoinder of defendants.

plaintiff was the daughter of deceased, born out of wedlock, and that he, during his lifetime, recognized her as such generally and notoriously, and that he left real estate, described, the partition of which was prayed.

The defendants contend that in this petition there is (1) a misjoinder of parties and (2) a misjoinder of causes of action. It is argued that, as the widow had no interest in the issue as to whether plaintiff was an heir of deceased, she was not a proper party. Of course, she would be entitled to an undivided one-third of the estate whether plaintiff were adjudged an heir or not, and therefore was not interested in that issue. But, being entitled to a distributive share of the land, she was a necessary party to the action in partition; for all having an interest in the premises sought to be partitioned, of whatever nature or quality, should, as a general proposition, be made parties. 15 Ency. P. & P. 792; 30 Cyc. 201 *et seq.* If, then, the issue as to plaintiff's right to inherit property may be raised and determined in a suit in partition, making the widow a party defendant did not involve a misjoinder of parties.

Was that issue proper for consideration in a partition suit? The statutes relating to partition 2. PARTITION: issues adjudicated: right of bastard to inherit. clearly contemplate the adjudication of the title set up by the several claimants to the land sought to be divided. Sec. 4240 of the Code provides that:

"The action for partition shall be by equitable proceedings, and no joinder or counterclaim of any other kind shall be allowed therein, except to perfect or quiet title, to declare and enforce liens between the parties to the action, and except as provided by this chapter."

"Sec. 4241. The petition must describe the property and respective interests of the several owners thereof, if known. If any interests, or the owners of any interests, are unknown, contingent or doubtful, these facts must be set forth in the petition with reasonable certainty."

The next section requires that an abstract of title be attached to the petition in which reference is made to any

title not in writing, and the section following authorizes mak-ing persons having an apparent or contingent interest parties.

Sec. 4245 reads: "The answers of the defendants must state, among other things, the amount and nature of their respective interests. They may deny the interest of any of the plaintiffs, and by supplemental pleading, if necessary, may deny the interest of any of the other defendants."

"Sec. 4246. Issues may thereupon be joined and tried between any of the contesting parties, the question of costs on such issues being regulated between the contestants agreeably to the principles applicable to other cases."

These statutes contemplate joining issues with respect to the interest in or title to any portion of the estate by the adverse claimants thereto, and a trial between such parties, even though others may have no concern therewith, and the establishment of title to the several shares of the estate previous to the partition thereof. The section first quoted expressly excepts from the prohibition a joinder of a cause of action praying that title be perfected or quieted. Sec. 4245 authorizes the defendants to put this issue by denying plain-tiff's interest in the land; the next section permits joining issues and trial thereof, and Sec. 4252, the establishment of the respective shares by decree.

The right to have tried in a partition suit whether a person is entitled to a portion of an estate sought to be par-titioned as heir could not well have been declared in plainer terms. There was no misjoinder of causes of action or of parties. See *Alston v. Alston*, 114 Iowa 29.

II. It is conceded that plaintiff is the daughter of Anna Krouse, an unmarried sister of Mrs. Granger. Was she begotten of her by the deceased Earl Granger, and did he recognize her in his lifetime, generally and notoriously, as his child? The record is voluminous, as is usual in such cases,

and nothing is wanting in the arguments of counsel. The law on every phase of the case is well settled, and nothing will be gained from a detailed review of the evidence. We have studied the record with great care, and are abidingly convinced of the correctness of the trial court's conclusion that not only was deceased the father of plaintiff, but that his recognition was such as to entitle her to inherit his property the same as though legitimate.—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.

### SUPPLEMENTAL OPINION.

#### WEDNESDAY, OCTOBER 6, 1915.

PER CURIAM: One of the points raised by the petition for rehearing is that a ruling on the demurrer to the petition on the ground that there was a misjoinder of causes of action was not considered. The petition alleged that the estate of the decedent had been fully settled, all claims having been paid, and all that remained to be done was the distribution of the funds in the hands of the administratrix, and prayed that the plaintiff's right as an heir be established and that the property and real estate of the deceased, described, be partitioned.

3. ACTIONS: partition: misjoinder: distribution of real and personal property: nonprejudicial error.

One ground of the demurrer thereto was that there was a misjoinder of causes of action, in that it was sought to have personal property partitioned and also real estate, in the same action. The demurrer was overruled and, in an amendment to the answer, the same question was again raised. Undoubtedly, there was a misjoinder of causes of action, and the court should have so ruled; for the demand for the recovery of personal property may not be joined with an action to partition real estate. This appears from Sec. 4240 of the Code, quoted in the opinion, and it was so ruled in *Watson v. Richardson*, 110 Iowa 698. But the ruling was

entirely without prejudice; for no evidence whatever of the amount of personal property on hand was introduced, and the decree merely declared the right of the plaintiff to inherit two ninths of all the estate of which the deceased died seized, and decreed the partition of the real estate.

The petition for rehearing is overruled.

All the Justices concur.