HUGHES *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—TAKING APPEAL TRANSFERS JURISDICTION
   OF CASE TO SUPREME COURT.
     Where defendants in a chancery case, after decree for
     plaintiff was filed and entered, filed a bond, which was
     approved, and seasonably took all the necessary steps for
     an appeal, jurisdiction of the case was transferred to the
     Supreme Court, and the jurisdiction of the court below
     ceased except for the purpose of taking the necessary steps
     to perfect the appeal.

2. SAME—CIRCUIT COURT RULE—REHEARING MAY BE APPLIED FOR
   WITHIN FOUR MONTHS.
     Under Circuit Court Rule No. 56, § 1, a party has a right
     to move for a rehearing within four months from the en-
     try of the decree, and may exercise both the right to appeal
     and the right to move for a rehearing.

3. SAME—WHEN REHEARING MAY BE GRANTED ONLY ON LEAVE OF
   SUPREME COURT.
     The lower court may *sua sponte* after the four months
     have expired, or in its discretion if the decree is not en-
     rolled, order a rehearing, but if an appeal has been taken
     and jurisdiction of the case been transferred to the
     Supreme Court, it may do so only on leave of that court.

4. SAME—INEQUITABLE TO GRANT REHEARING AFTER LONG DELAY.
     Where the trial judge, after a full hearing and several
     months' deliberation, found that plaintiff was entitled to
     possession of the property involved in the litigation, it
     would be inequitable two years and three months after
     entry of the decree in his favor, and over four years after
     filing his bill, during all of which time he was kept out
     of the property and prevented by appeals, motions, and
     orders from taking any steps to enforce the decree, to
     grant a rehearing and a trial of the case *de novo*.

Mandamus by Frank D. Hughes to compel Theodore
J. Richter, circuit judge of Wayne county, to set aside

[1]Appeal and Error, 3 C. J. §§ 1366, 1367; [2]Id., 3 C. J. § 86;
[3]Id., 3 C. J. § 1380; Equity, 21 C. J. §§ 871, 874; [4]Equity, 21 C.
J. § 872.

an order granting a rehearing.    Submitted April 5, 1927.    (Calendar No. 32,901.)    Writ granted June 6, 1927.    Rehearing denied July 29, 1927.

*Edward N. Barnard,* for plaintiff.

*Frank A. O'Boyle,* for defendant.

FELLOWS, J.    The calendar entries in the original suit cover six pages of the printed record.    Many of the proceedings are unimportant, and we shall only note such as are necessary to an understanding of the questions before us.    In using the words plaintiff and defendants we refer to the parties to that suit. On June 16, 1922, plaintiff filed a bill for specific performance.    Defendants answered and the case came on for hearing in February, 1924.    On June 28th of that year a decree for plaintiff was filed and entered. Defendants filed a bond which was approved, and seasonably took all the necessary steps for an appeal to this court.    There were orders extending the time. February 17, 1925, a motion for rehearing was filed by defendants, and on July 1st it was granted.    On November 27th another order was entered by which this order was vacated and one entered limiting the rehearing to the question of *res adjudicata* of certain proceedings.    On December 4, 1925, after a hearing, an order was entered holding that the proceedings involved were not *res adjudicata,* and reinstating the original decree.    From this order defendants seasonably appealed.    On January 25, 1926, this order was vacated.    On September 27, 1926, a rehearing was granted.

We are persuaded that the crucial question in the case is whether defendants' appeal from the original decree transferred to this court jurisdiction of the case.    All the complications in the case date back and are due to the setting aside of that decree.    Had it

not been set aside the case would long ago have reached this court on defendants' appeal and been disposed of. That the taking of the appeal and giving the bond stayed the hand of the court and prevented it from taking any steps or making any orders favorable to plaintiff is not questioned. Plaintiff could not enforce the decree nor could he protect it by its enrollment.

If the appeal transferred the case to this court, then the jurisdiction of the court below ceased except for the purpose of taking the necessary steps to perfect the appeal. While the courts of last resort are not in accord on this proposition, this court is committed to the rule that the appeal transfers jurisdiction to this court. *Daily* v. *Litchfield,* 11 Mich. 497; *Beal* v. *Chase,* 31 Mich. 490; *Day* v. *DeJonge,* 66 Mich. 550; *Lake Shore, etc., R. Co.* v. *Chambers,* 89 Mich. 5; *Petrie* v. *Muskegon Circuit Judge,* 98 Mich. 130; *Wright* v. *King,* 107 Mich. 660; *Wilkinson* v. *Dunkley-Williams Co.,* 141 Mich. 409 (7 Ann. Cas. 40); *City of Grand Rapids* v. *Coit,* 151 Mich. 109; *Breen* v. *Breen,* 159 Mich. 389; *Minkkinen* v. *Quincy Milling Co.,* 169 Mich. 279. We shall refer to some more recent cases presently. In *Day* v. *DeJonge, supra,* it was said by Chief Justice CAMPBELL, speaking for the court:

"Under the English practice, and that of some other courts, an appeal does not prevent the operation of a decree unless so ordered in a particular case. But our statutes have from the beginning required bonds on appeal, and have declared that, when the appeal is perfected, all proceedings in the circuit court, except taxation of costs, shall be stayed. How. Stat. § 6739. Any proceeding in the circuit court thereafter, not allowed by this court, is null and void."

And in *Breen* v. *Breen, supra,* expense money was allowed by this court in a divorce case to procure the transcript and print the record; this court holding that

it had jurisdiction after the claim of appeal was filed and before the case was settled. A considerable number of such applications are annually disposed of by this court without opinion, and its jurisdiction has never been questioned.

Doubtless these holdings, particularly the early ones, were prompted by the language of the statute. Consistently for much over a half century our statutes by express language have provided that upon the filing of the claim of appeal and the bond all proceedings in the circuit court in chancery shall be stayed. Rev. Stat. 1846, chap. 90, § 145; 2 Comp. Laws 1857, § 3598; 2 Comp. Laws 1871, § 5181; Act No. 13, Pub. Acts 1877; 2 How. Stat., § 6739; 1 Comp. Laws 1897, § 551. While the rule was doubtless prompted by the language of the statutes, it has become the settled rule of practice in this court.

We have, however, found two cases which at first blush would appear to modify the rule: *Delor* v. *Wayne Circuit Judge,* 157 Mich. 587; *Snay* v. *Snay,* 192 Mich. 210. These cases require consideration. In the *Delor Case* it was held that this court did not acquire jurisdiction in chancery appeals until the return was filed. But this court was then considering the provisions of Act No. 340, Pub. Acts 1907. This was an independent act entitled:

"An act to regulate the practice in chancery appeals."

It did away with the former legislation regulating chancery appeals, and in section 5 provided that:

\* \* \* "The jurisdiction of the trial court shall continue for all purposes not connected with the hearing and determination of the appeal."

With this provision in the statute, jurisdiction in the trial court was retained, at least until the return was made, and this court so held. The case was cited

and followed in the *Snay Case,* but in the later case it was not noted, and was doubtless not called to the attention of the court, that the *Delor Case* was bottomed on the act of 1907, which was in force but two years, and was repealed by Act No. 299, Pub. Acts 1909, and the language quoted eliminated, and, as pointed out in the *Breen Case,* was "entirely similar" to the earlier statutes. Under these circumstances, we do not regard these cases as disturbing the practice under the present judicature act. In the recent case of *Friedberg* v. *Goodman,* 230 Mich. 91, it was said by Mr. Justice STEERE, speaking for the court:

"Goodman's filing his claim of appeal with and paying the appeal fee to the clerk of the court in which the case was heard, on October 10, 1921, was within 20 days after entry of the final decree there, saved his right to perfect an appeal in manner prescribed by statute. It temporarily transferred jurisdiction over the case to this court, only leaving with the lower court jurisdiction to make orders and settle record for perfecting an appeal and certificate within the statutory time limit."

See, also, *Wernik* v. *Wayne Circuit Judge,* 234 Mich. 224.

We do not overlook the fact that under Circuit Court Rule No. 56, § 1, defendants had a right to move for a rehearing within four months from the entry of the decree, and that they could exercise both the right to appeal and the right to move for a rehearing. *Domboorajian* v. *Domboorajian,* 235 Mich. 668. But the motion for a rehearing was not made in the instant case until long after the period prescribed in the rule had expired. This rule gives the right for the period named; beyond that period the right of the party no longer exists. This does not mean that the court no longer has power over its own decrees. It may *sua sponte* after that period has expired, or in its dis-

cretion if the decree is not enrolled, order a rehearing. But if an appeal is taken and jurisdiction of the case has been transferred to this court, as we have pointed out, it may only do so upon leave of this court.

It is pointed out that the year given by section 13755 to perfect the appeal expired. But this court had jurisdiction of the case, as we have noted, and the same section confers jurisdiction on this court to extend the time for an additional six months.

It is further urged that the trial judge could in his discretion grant a rehearing, and, as we understand counsel, it is insisted that the order of September 27, 1926; at least should stand. This order was made substantially two years and three months after the entry of the original decree, during all of which time plaintiff was prevented by appeals, motion after motion, and order after order from taking any steps to enforce the decree or from safeguarding his rights under the decree by its enrollment. It was made over four years after the filing of the bill, during all of which time he was kept out of the property the trial judge, after a full hearing covering several days, followed by several months' deliberation, found he was entitled to. There must be at some time an end to litigation. After this long delay during all of which time plaintiff's hands were tied, it would be inequitable and an abuse of discretion to grant a rehearing and a trial of the case *de novo*.

The writ will issue as prayed. Plaintiff will have costs against defendants in the original suit.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.