HOFFMAN *v.* SECURITY TRUST CO. OF DETROIT.

1. APPEAL AND ERROR—WHEN APPEAL PERFECTED—JURISDICTIONAL ACTS—SPECIAL LEAVE.

Appeal is perfected when notice of appeal is filed within required time; both act and time of filing being jurisdictional, and default in either destroys right to appeal and leaves appellant remediless by way of appeal except on special leave of appellate court (Mich. Court Rules Nos. 56, 57, § 2).

2. SAME—MANDATORY ACTS OTHER THAN JURISDICTIONAL ONES—SPECIAL LEAVE TO COMPLETE APPEAL.

Acts necessary to complete appeal other than timely filing of notice of appeal are not jurisdictional, but their timely performance is mandatory, in that they are requisites of appeal, and may be performed after prescribed time only on special leave of court (Mich. Court Rules Nos. 56, 58, § 2).

3. SAME—PRIMA FACIE RIGHT TO DISMISSAL—SPECIAL LEAVE TO COMPLETE APPEAL.

Appellant's failure to do acts other than timely filing notice of appeal, necessary to complete appeal, *prima facie* entitles appellee to dismissal of appeal on motion, but court has discretion to permit appellant, on sufficient showing, to do such acts (Mich. Court Rule No. 58, § 2).

4. SAME—JUSTIFICATION FOR PRELIMINARY NOTICE.

It is appellant's desire to examine testimony and proceedings for errors based thereon, not his possession of transcript, which justifies preliminary notice of appeal (Mich. Court Rule No. 59, § 2).

5. SAME.

Where evidence is to be incorporated in record, either preliminary or full notice of appeal may be filed in first instance.

6. SAME—WHEN JURISDICTION OF APPELLATE COURT ATTACHES.

When appeal is perfected by seasonable filing of notice of appeal, jurisdiction of appellate court attaches, and trial court has no authority to dismiss appeal.

7. SAME—JURISDICTION MAY NOT BE CONFERRED BY STIPULATION.

Jurisdiction of circuit court to dismiss appeal after jurisdiction of appellate court attaches may not be conferred by stipulation.

8. SAME—CIRCUIT COURT MAY NOT DISMISS PERFECTED APPEAL.

Where appeal was perfected by timely filing notice of appeal, circuit court was without jurisdiction to dismiss appeal notwithstanding subsequent proceedings to complete appeal were without force, and therefore its order dismissing appeal is set aside, on review, without prejudice to parties to take such steps as they may be advised (Mich. Court Rule No. 58, § 2).

Appeal in nature of mandamus by Gustav W. Zanger and another, cross-plaintiffs and defendants, against Frank Hoffman and another, plaintiffs and cross-defendants, and Security Trust Company of Detroit and others, defendants and cross-defendants, to vacate order dismissing appeal from decree rendered in foreclosure proceedings. Submitted December 1, 1931. (Calendar No. 35,770.) Reversed, and order vacated December 10, 1931.

*Atkinson, O'Brien & Ortman* (*M. Hubert O'Brien,* of counsel), for appellants.

*Shapero & Shapero,* for appellees.

FEAD, J. Decree was entered February 14, 1931, and copy served on appellants' counsel. March 6th,

the 20th day after decree, preliminary notice of appeal was filed but service of a copy of it was not made on appellees until March 11th, in violation of Michigan Court Rule No. 61. Appellees refused to take service because it was not seasonably made, and, on March 11th, in circuit court, moved to dismiss the appeal. Order granting the motion was entered March 16th. On March 26th, appellants moved to vacate the order of March 16th, and March 31st the motion was denied. This is appeal, in the nature of mandamus, from the latter order.

The case involves both practice and jurisdiction on appeal.

An appeal is perfected when notice of appeal is filed within the required time. Michigan Court Rules Nos. 56 and 57. Both the act and time of filing are jurisdictional. Default in either destroys the right to appeal and leaves appellant remediless by way of appeal except upon special leave of the appellate court. Michigan Court Rule No. 57, § 2.

The other acts necessary to complete an appeal are not jurisdictional. Michigan Court Rule No. 56. But they and the time for their performance are mandatory, in that they are requisites of an appeal and the acts may be performed after the prescribed time only on special leave of court and upon such just terms as it may impose (Michigan Court Rule No. 58, § 2), except, of course, as to such acts as appellee may and shall waive.

Appellants' failure to do such other acts necessary to complete an appeal *prima facie* entitles appellee to dismissal of appeal on motion. However, the court has discretion to permit appellant to do such acts, on motion of appellant or on hearing of motion to dismiss. Michigan Court Rule No. 58, § 2. Appellant has the burden of showing such excuse for default as will move judicial discretion in his behalf.

Appellants had transcript of testimony before decree, but they filed preliminary notice of appeal. Appellees contend full notice of appeal was required under Michigan Court Rule No. 59, § 2. It is appellant's desire to examine the testimony and proceedings for errors based thereon, not his possession of a transcript, which justifies a preliminary notice of appeal. Where the evidence is to be incorporated in the record, either preliminary or full notice of appeal may be filed in the first instance.

When the appeal is perfected by seasonable filing of the notice of appeal, the jurisdiction of the appellate court attaches and the trial court has no authority to dismiss the appeal. *Lake Shore & Michigan Southern R. Co.* v. *Chambers,* 89 Mich. 5; 4 C. J. p. 562. In the instant case, it appears that jurisdiction of the circuit court was conceded at the hearing on motion to dismiss, but such jurisdiction can not be conferred by stipulation.

As the case stands, appellants have perfected an appeal by filing notice thereof, but all proceedings subsequent thereto are without force. To perform the other necessary acts, appellants must have leave of court. Michigan Court Rule No. 58, § 2.

In view of the uncertainty which prevails in the profession as to the procedure, we pass all technical questions of the scope of the present review and set aside the order dismissing appeal and subsequent order, without prejudice to the parties to take such steps as they may be advised, and without costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.