PUFFER *v.* STATE MUTUAL RODDED FIRE INSURANCE CO.

1. APPEAL AND ERROR—TRIAL COURT WITHOUT JURISDICTION TO DIS-
MISS PERFECTED APPEAL.

   Where appeal is perfected by appellant by giving timely notice
   of appeal, circuit court is without jurisdiction to dismiss ap-
   peal, although other acts necessary to complete appeal are not
   performed within required time.

2. SAME—COMPLETING APPEAL—NONPERFORMANCE EXCUSED ON PROP-
ER SHOWING.

   Order of circuit court dismissing appeal is set aside by Supreme
   Court, where it appears that appeal was perfected by giving
   timely notice of appeal, although other necessary acts to com-
   plete appeal were not performed, and, reasonable excuse for
   nonperformance having been shown, circuit court is directed
   to enter such order as may be necessary therefor.

Appeal from Kalkaska; Lamb (Fred S.), J. Sub-
mitted December 15, 1931. (Calendar No. 36,354.)
Decided January 15, 1932.

Action by George W. Puffer against State Mutual
Rodded Fire Insurance Company of Michigan on a
fire insurance policy. Defendant appeals from an
order dismissing appeal. Order set aside.

*Kinnane & Leibrand,* for appellant.

*Henry Miltner,* for appellee.

PER CURIAM. In this case a judgment was entered
in the circuit court for the county of Kalkaska in
favor of the plaintiff on September 24, 1931. De-
fendant's attorney mailed in Bay City a preliminary

notice of appeal to the county clerk on October 10th. It was received and filed by him on October 14th. He also mailed a copy thereof on the same day to the plaintiff's attorney, and one addressed to "Circuit Court Stenographer, Cadillac." This latter notice was not received by the stenographer who reported the case, which was tried in Cadillac, until several days later. Proof of service of these notices was not mailed to the county clerk until November 6th.

Plaintiff's attorney moved in the circuit court to dismiss this appeal. Defendant's attorney asked that if the motion be denied he be permitted to correct any irregularities in the perfecting of the appeal. It seems to have been conceded that the trial court had jurisdiction to hear the motion to dismiss. He concluded that the court rules had not been complied with, and entered an order on November 12th dismissing the appeal.

In an opinion of this court, handed down on December 10, 1931 (*Hoffman* v. *Security Trust Co.*, 256 Mich. 383), it was held that—

"An appeal is perfected when notice of appeal is filed within the required time. * * * The other acts necessary to complete an appeal are not jurisdictional. * * * When the appeal is perfected by seasonable filing of the notice of appeal, the jurisdiction of the appellate court attaches and the trial court has no authority to dismiss the appeal."

It follows that the order dismissing the appeal must be set aside. As it appears that there was reasonable excuse for the nonperformance of the other acts to complete the appeal, we see no reason for the issuance of an order to show cause on defendant's motion, but hereby direct the trial court to enter such order as may be necessary therefor.