TRASK *v.* NORELL.

1. APPEAL AND ERROR—NOTICE OF APPEAL—PAYMENT OF STENOG-
RAPHER'S CHARGES—COURT RULES.
   Notice of appeal, when served on circuit court stenographer,
   constitutes order to him for transcript of testimony specified
   in it, and it is his duty to furnish said transcript unless, within
   ten days after receiving such order, he files and serves on
   appellant demand for prepayment or security for his charges,
   and appellant fails to comply therewith (Court Rule No. 64,
   §§ 1, 4).

2. SAME—JURISDICTION TO DISMISS APPEAL.
   Circuit court has no jurisdiction to dismiss appeal for failure of
   appellant to prepay or secure payment of stenographer's
   charges for transcript of testimony unless provisions of Court
   Rule No. 64, §§ 1, 4, have been strictly followed.

Appeal from Macomb; Reid (Neil E.), J. Sub-
mitted June 7, 1932. (Calendar No. 36,537.) De-
cided September 16, 1932.

Action by Walter Trask, as special administrator,
against Olle Norell. From order dismissing appeal,
plaintiff appeals. Reversed, and appeal reinstated.

*Harry J. Lippman,* for plaintiff.

FEAD, J. This is appeal (mandamus) to set aside
an order dismissing an appeal for failure of appel-
lant to prepay or secure payment of the court stenog-
rapher's fees for transcript of testimony demanded
in the notice of appeal.

The notice of appeal, when served on the stenog-
rapher, constitutes an order to him for transcript of
testimony specified in it. Court Rule No. 64, § 1. It

is his duty to furnish the transcript unless, within 10 days after receiving such order, he files and serves on appellant demand for prepayment or security for his charges. If he so makes demand and the appellant does not comply within 10 days, the circuit court may dismiss the appeal. Court Rule No. 64, § 4.

Except as expressly provided in the rule, the circuit court has no jurisdiction to dismiss an appeal to the Supreme Court. *Hoffman* v. *Security Trust Co.*, 256 Mich. 383.

The rule admits of no equivocation, as to form of demand or time of proceeding. It does not constitute the court a general collecting agency. Unless its terms are strictly followed, the circuit court has no jurisdiction to dismiss.

The notice of appeal was served May 28th. No demand for charges was filed by the stenographer until June 12th. We need not consider the objections to the form of demand made on counsel for appellant nor to the form of filing. That the demand was not filed in time was sufficient to prevent vesting in the circuit court of jurisdiction to dismiss.

The order will be set aside, and the appeal reinstated, with costs to appellant.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred with FEAD, J. POTTER, J., concurred in the result.