BALLARD v. DIBRELL.

(*Nashville.* January 8, 1895.)

EXECUTION. *Debtor's waiver of objection to sufficiency of levy.*

An execution debtor, who assents to a levy on his property as it is made, gives the officer a description of the property levied upon, and executes a statutory bond for its delivery, waives the objection that the property was not in sight when the levy was made.

FROM WHITE.

Appeal from Chancery Court of White County. B. M. WEBB, Ch.

ADCOCK & ROBINSON for Ballard.

M. A. CUMMINGS for Dibrell.

BEARD, J. Defendant Dibrell, as Deputy Sheriff, had, for collection, two common law executions issued against the complainant, Ballard, and others. With these executions in his possession, the officer visited the home of complainant in order to levy the same on the latter's property. On this visit the complainant gave the officer a levy on certain personal property belonging to him, and soon thereafter executed a statutory bond for the delivery of the prop-

Ballard *v.* Dibrell.

erty to the officer at a time and place agreed upon between the parties. Before the maturity of this bond, complainant, Ballard, filed a bill to impeach the levy and set aside and cancel the delivery bond, first, because the levy was void for vagueness of description, and, second, for the reason that the personal property levied on was not present nor accessible to the officer, nor in any way subject to the dominion of the officer, at the time of the levy.

Issues were made by proper pleading, and proof somewhat conflicting was taken. On the trial the Chancellor dismissed complainant's bill and the cause is now here by appeal, and errors are assigned upon this decree: (1) As to description of the property levied on, appellant points out no vagueness or obscurity in it, and we can find nothing to warrant this contention. (2) Conceding the fact to be as Ballard insists, that the property was not in sight when the levy was made, it was, under the facts of this case, a good levy as to him, whatever it may have been as to others. He assented to the levy as it was made, gave the officer a description of the property levied upon, and then executed a statutory bond for its delivery at a time and place agreed upon between complainant and the officer. These acts amount to a conclusive agreement on his part with the officer, that the levy is good. If there was any irregularity on the part of the officer, he waives it.

Mr. Freeman, in his work on Executions, Art. II., Sec. 260, states the law as follows: "When an

officer goes to the defendant's property or to the defendant for the purpose of making a levy, and the defendant furnishes a list of property to be taken in execution, or by any other act assents to the levy, or shows an intention to regard the levy as consummated, he seems to be thereafter estopped from alleging there was some omission or informality in the levy. * * * If the defendant, knowing of the levy which the officer is making, submits to it, there can be no further question between him and the officer about the sufficiency of the levy, for his conduct has waived all further proceedings, and this he is competent to do. * * * If he has submitted to the levy, it is immaterial, as far as he is concerned, whether the property was ever within the view or control of the officer.''

This statement of the law is sustained by reason and authority. We therefore affirm the decree of the Chancellor, with costs.