MARKHAM v. KENT CIRCUIT JUDGE.

APPEAL—STAY BOND—EXECUTORS AND ADMINISTRATORS.

Under 3 Comp. Laws 1897, § 10355 (3 How. Stat. § 7621c),
which provides that no stay of proceedings on any judgment
shall be granted for more than 20 days for the purpose of set-
tling a bill of exceptions, unless the party applying for such
stay, if judgment shall have been rendered against "him,"
shall execute a bond, with sufficient sureties, conditioned to
pay the judgment, the executors of a will under which a leg-
atee has secured a judgment for payment of the legacy out of
the assets of the estate must, in order to obtain a stay pend-
ing an appeal, file a bond in compliance with the statute,
the same as if the judgment were in form a personal judg-
ment against them.

*Mandamus* by Almon L. Markham to compel Allen C.
Adsit, circuit judge of Kent county, to vacate an order
staying proceedings on a judgment. Submitted October
3, 1899. Writ granted October 24, 1899.

*Lombard & McAllister*, for relator.

*Walker & Fitz Gerald*, for respondent.

LONG, J.    It appears that Mary C. Jones died April 9,
1892, leaving a last will, by the terms of which the relator
was left a legacy of $500. Other legacies were left,
amounting to $1,325. No debts were allowed against the
estate, and the real estate, out of which the legacies were
to be paid, inventoried at $4,150. The will appointed
William Hoyle Jones and Silas Hufford as executors, and
made William Hoyle Jones residuary legatee. The will
was admitted to probate, and on May 11, 1892, the above-
named executors entered upon their trust. On October 8,
1898, the relator, being unable to obtain the legacy pro-
vided for him in said will, filed a petition in the probate
court praying for an order that the executors pay the

legacy.    The order was made, and an appeal taken to the
Kent circuit court.    Such proceedings were had in the
circuit court that on June 20, 1899, a judgment was
entered in favor of the relator and against the executors
for the sum of $593.30.    On July 10, 1899, the executors,
for the purpose of prosecuting a writ of error to this court
and to stay proceedings on the judgment, presented to
the circuit court a bond in the penal sum of $150, condi-
tioned to prosecute the writ of error to effect, and pay and
satisfy such judgment as might be rendered against them.
The relator appeared before the circuit court, and objected
to the approval of the bond, for the reason that the penalty
of the bond was wholly insufficient, and not in compliance
with the statute.    The circuit court approved the bond,
and stayed proceedings in the case for 60 days, and
*mandamus* is now asked to compel the court to set aside
the order.

It appears that, on the trial of the case, the court, at the
request of the parties, made written findings of law and
fact, upon which the judgment in favor of the relator was
entered.    Section 10355, 3 Comp. Laws 1897 (being sec-
tion 7621c, 3 How. Stat., as amended by Act No. 124,
Pub. Acts 1897), provides that:

"No stay of proceedings upon any verdict or judgment
rendered in any circuit court in this State shall hereafter
be granted or allowed for the purpose of moving for a new
trial or settling a bill of exceptions in the case in which
such verdict or judgment was rendered, for a longer
period than twenty days, unless the party applying for
such stay, if judgment shall have been rendered against
him, shall execute to the adverse party a bond with suffi-
cient sureties, in such sum as the circuit judge before
whom the cause was tried shall designate, conditioned to
pay such judgment if the same is not set aside or reversed,
and that, if a writ of error is issued in said cause, that the
appellant shall prosecute his writ to effect, and shall pay
and satisfy such judgment as shall be rendered against
him thereon."

It is contended by counsel for the executors that this
statute has no reference to the present case; that the stat-

ute only provides that such a bond shall be given when the judgment is rendered personally against the party appealing; that in the present case no such judgment was entered, the form of the judgment being that—

"There is now due to said Almon Markham the full amount of said legacy, being $500, with interest thereon from the 11th of May, 1896, at the rate of 6 per cent. per annum. It is therefore hereby ordered that the judgment and findings be certified over to the probate court for the county of Kent, with directions that said legacy and interest thereon, together with the costs and charges of the appeal, including an attorney fee of $25, to be taxed, and paid to the said Almon Markham, *in due course of administration of said estate* of Mary C. Jones, deceased."

It is the contention that this judgment is ordered paid out of the assets of the estate, so far as they are sufficient for that purpose, and that, therefore, it is not a personal judgment against the executors; that, therefore, no bond on appeal could be required which would make the executors personally responsible; that a bond was given sufficient in amount to pay any costs which might be incurred by the appellee in the appeal to this court, and nothing further is required. It is also contended that should it appear in the probate court, on the final settlement, that there are not sufficient assets to pay the legacy in full, the executors could be compelled to pay only its proportionate share; that, if the legacy was not paid after final judgment in this case, the probate court could authorize claimant to bring an action on the bond, under sections 9490–9495, 3 Comp. Laws 1897 (being sections 5996–6001, 2 How. Stat.), and that in such proceedings judgment would be rendered against the executors and their sureties on the bond; and that, if an appeal should be taken to this court in such proceedings, the bond provided for by section 10355, 3 Comp. Laws 1897, could then be required, because it would be a personal judgment against the executors. Stress is laid upon the wording of section 10355, in which it states, "if judgment shall have been rendered against *him*

he shall execute a bond," etc., and the fact that no such judgment has been rendered, but that a finding only has been made directing the payment of the legacy out of the assets of the estate, if there is sufficient to pay it; and it is contended that the executors, in undertaking to stay the proceedings, do not come under the statute. Counsel for the executors point out no other statute under which an appeal could be taken to this court and a stay of proceedings had, but assert that the circuit court has inherent power, without the aid of any statute, to stay proceedings upon a judgment which it has rendered, upon such terms as it thinks just, and even without requiring any bond to be given; citing *Peterson* v. *Wayne Circuit Judge*, 108 Mich. 608. It is undoubtedly true that courts granted stays upon judgments prior to the passage of section 10355, as pointed out in that case; but since the passage of that section no power rests in the circuit court to stay proceedings, for the purpose of moving for a new trial or settling a bill of exceptions, upon any verdict or judgment, beyond 20 days, unless the bond required by the act is given. This bond stands as a *supersedeas* bond when writ of error to this court is taken out. 3 Comp. Laws 1897, § 10358; 3 How. Stat. § 7621*f*.

It is conceded that this bond is not in compliance with the statute, neither does it comply with the provisions of sections 10485, 10486, 3 Comp. Laws 1897 ( being sections 8679, 8680, 2 How. Stat.), which provide, substantially, that no writ of error shall operate to stay or supersede execution in any civil action unless plaintiff in error shall give a bond, etc., conditioned to prosecute his writ to effect, and to pay and satisfy such judgment as shall be rendered against him thereon, and that the bond shall not be less than double the amount of the judgment upon which the writ of error is brought.

The court below found that the executors should pay the legacy out of the estate, and no stay of execution could be granted without compliance with the statute. The bond is not sufficient in amount to pay the judgment,

if it is affirmed in this court. The order of the court below staying proceedings must be vacated, unless a sufficient bond, and one in compliance with the statute, is filed. Relator will recover costs of this motion.

The other Justices concurred.