WILKINSON *v.* DUNKLEY-WILLIAMS CO.

APPEAL AND ERROR—DECREE GRANTING INJUNCTION—EFFECT OF APPEAL.

> Though the effect of an appeal from a decree granting a permanent injunction is to bring the cause into this court and to stay all proceedings at the circuit, its effect is not to dissolve the injunction, and pending the appeal the injunction may not be ignored.

Contempt proceedings by Thomas L. Wilkinson against the Dunkley-Williams Company for violating an injunction. Submitted July 26, 1905. (Calendar No. 20,623.) Application granted September 28, 1905.

*Samuel H. Kelley*, for petitioner.

*Osborn & Mills*, for respondent.

MOORE, C. J. The complainant filed an injunction bill. A preliminary injunction was granted in the court below, and, after a hearing, a permanent injunction was decreed as prayed. The case was appealed to this court, and an appeal bond in the sum of $5,000 was given. The case has been heard and affirmed in this court. See 139 Mich. 621.

It is the claim of complainant that pending the appeal the defendant violated the provisions of the injunction, and he seeks in this proceeding to have it punished for contempt.

It is the claim of defendant, *first*, that, if the injunction is in force pending the appeal, it has not violated its terms; and, *second*, that the effect of appealing the case here, and giving the bond, is to stay all proceedings pending the appeal, and to do away with the effect of the injunction.

There can be no doubt that the effect of the appeal is to

bring the case into this court and to stay all proceedings in the circuit court. See section 551, 1 Comp. Laws; *Daily* v. *Litchfield*, 11 Mich. 497; *Beal* v. *Chase*, 31 Mich. 490; *Day* v. *De Jonge*, 66 Mich. 550; *Petrie* v. *Muskegon Circuit Judge*, 98 Mich. 130; *Wright* v. *King*, 107 Mich. 660. It does not follow, however, that where an appeal is taken from a decree granting an injunction that the terms of the injunction may be ignored. In *Brevoort* v. *City of Detroit*, 24 Mich. 322, upon the filing of the bill a preliminary injunction was granted. Upon the hearing the bill was dismissed. An appeal was taken to this court, and pending the appeal an application was made here to have defendants punished for contempt. This court held that the appeal from a decree dismissing the bill did not revive the injunction and that the defendants were not liable as for contempt. In 2 Enc. Pl. & Prac. p. 326, it is said:

"*Appeals from Orders Affecting Injunctions.* Thus an appeal from a decree granting, refusing, or dissolving an injunction does not disturb its operative effect, unless the trial judge in allowing an appeal therefrom is vested with discretion to make and does make an order suspending or modifying the injunction during the pendency of the appeal."

In the note it is said:

" An appeal from an injunction order, even with a supersedeas bond, does not vacate or suspend it. The defendant must abstain from doing the prohibited thing until reversal or be guilty of contempt."

In 16 Am. & Eng. Enc. Law (2d Ed.), p. 436, it is said:

"The violation of an injunction pending an appeal is a contempt, and is punishable as such. It is well settled that an appeal from an order granting an injunction or from a decree for a perpetual injunction does not operate as a supersedeas, and does not permit the defendant to disregard the injunction."

See *Kentucky, etc., Bridge Co.* v. *Krieger*, 91 Ky. 625. In *Sixth Avenue R. Co.* v. *Gilbert Elevated R. Co.*, 71 N. Y. 430, it was said:

"The order of the judge was in substantial compliance with the statute, and stayed 'all proceedings on the part of the plaintiff in execution of the judgment.' But this did not affect the validity or effect of the judgment pending the appeal, so far as it bore upon and restrained the action of the defendant, its servants or agents. It did not absolve them from the duty of obedience, and permit them to do that which the judgment absolutely prohibited, and the doing of which would, as adjudged by the court, cause irreparable mischief to the plaintiff, or an injury which could not certainly be compensated in damages. * * * The statute does not, and the judge's order staying the plaintiff did not, and could not, derogate from the efficiency of the judgment in its operation upon and effectually restraining all acts by the defendant in violation of its mandate. The court should have, and doubtless has, the power, notwithstanding an appeal, especially so long as the action is pending in the same court upon an appeal from the Special to the General Term, to command respect for its judgments and obedience to its mandates until they are reversed. This power is essential to the administration of justice, and to the respect which courts of justice have a right to demand from suitors. It would seem to be preposterous that a party could, by the mere order of the court staying his hands from executing a judgment not yet executed, be deprived of the whole fruit of the judgment by the lawless act of the defeated party pending an appeal, without remedy; that he must stand by, and without possibility of redress, see the subject-matter of the litigation destroyed, so that if he succeeds in affirming the judgment it will be a barren victory.

"If the respondent here is right in its contention, pending an appeal from a judgment staying waste, which, if committed, will destroy the freehold, the appellant, in simply staying the plaintiff's proceedings on the judgment, may with impunity do the very act forbidden and destroy the freehold. This would be to give the latter injunction, staying action by the one party upon the judgment, effect as working a dissolution of the permanent and general injunction, before granted, restraining the other party from doing any act affecting the subject of the litigation. The judgment, so far as it enjoined the defendant, needed no execution. It acted directly without process upon the defendant, and the stay only operated to prevent the collection of the costs awarded."

See, also, *Hicks* v. *Michael*, 15 Cal. 107; *Ortman* v. *Dixon*, 9 Cal. 23; *State, ex rel. Matthews*, v. *Chase*, 41 Ind. 356; 2 High on Injunction (3d Ed.), § 1698; *Central Union Telephone Co.* v. *State*, 110 Ind. 203; *Heinlen* v. *Cross*, 63 Cal. 44.

The effect of the appeal is not to dissolve the injunction, and while it continues in force it may not be ignored. Did the defendant violate its terms? It would profit no one to review the evidence; but we think it clear the defendant did ignore the provisions of the injunction, and should be punished as for contempt.

The extent of the punishment and the need of a reference will be determined on the settlement of the decree.

CARPENTER, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.