151    71
f153  ¹215

*LUTHER v. KENT CIRCUIT JUDGE.*

1. MANDAMUS—PROPRIETY—JUDGMENT FOR COSTS.

The error of the circuit court, on appeal from an allowance by commissioners of a claim against an estate, in rendering judgment against the administrator personally for the costs, is one that can be reviewed by writ of error, and hence will not be reviewed by mandamus.

2. SAME—EXECUTION—STAY PENDING APPEAL.

Mandamus is the appropriate remedy by which to review the action of the circuit court in refusing to stay execution on a judgment pending an appeal to this court.

3. APPEAL AND ERROR—STAY OF PROCEEDINGS—SECURITY—SUFFICIENCY—JUDGMENT FOR COSTS.

Where, on appeal by an administrator from an allowance by commissioners, judgment is rendered against the estate for the amount of the claim and against the administrator personally for the costs, section 10355, 3 Comp. Laws, does not require that the administrator, in order to stay execution against himself personally, pending review in this court, shall give a bond to pay the judgment against the estate as well as the judgment against himself for the costs.

Mandamus by George E. Luther to compel Alfred Wolcott, circuit judge of Kent county, to amend a judgment and grant a stay of execution pending an appeal. Submitted November 26, 1907. (Calendar No. 22,583.) Writ granted January 31, 1908.

*Thomas P. Bradfield (Chester W. Whitmore and Edmund H. Smalley, of counsel), for relator.*

*Elvin Swarthout (John E. More, of counsel), for respondent.*

PER CURIAM. Relator is the administrator of the estate of Reuben H. Colburn, deceased. He appealed to the circuit court from an allowance of a certain claim against said estate by the commissioners. The case was

tried before respondent and a jury, and a verdict rendered against the estate for something less than the amount allowed by the commissioners. On said verdict, respondent rendered judgment against relator as administrator for the amount of the damages, and against him personally for the amount of the costs. Subsequently the relator asked respondent to amend the judgment "so as to make the costs payable out of the estate and not payable by said relator personally." He also asked respondent to stay execution against the relator individually and personally, pending the final decision in this court, upon relator giving bond to the claimants in double the amount of the costs taxed. Each of these motions was denied. Relator complains of this action and seeks relief by mandamus.

The claim that respondent erred in rendering judgment for costs against relator personally is one which can be reviewed by writ of error. *Schmidt* v. *Wayne Circuit Judge*, 136 Mich. 658. There we said:

"It seems clear that an erroneous judgment that a party recover his costs to be taxed should be reviewed on error, and in no other way."

That claim will not, therefore, be reviewed by mandamus. Mandamus is, however, the appropriate remedy by which to review the contention that the court erred in refusing to stay execution against the relator individually and personally, pending the final decision of this court. Whether the decision of respondent was correct or not depends upon the construction of section 10355, 3 Comp. Laws. That section reads:

"That no stay of proceedings upon any verdict or judgment rendered in any circuit court in this State shall hereafter be granted or allowed for the purpose of moving for a new trial or settling a bill of exceptions in the case in which such verdict or judgment was rendered, for a longer period than twenty days, unless the party applying for such stay, if judgment shall have been rendered against him, shall execute to the adverse party a bond with sufficient sureties in such sum as the circuit judge, before whom the case was tried, shall designate, conditioned to

pay such judgment if the same is not set aside or reversed, and that if a writ of error is issued in said cause.that the appellant shall prosecute his writ to effect and shall pay and satisfy such judgment as shall be rendered against him thereon."

Respondent decided that, under a proper construction of the foregoing section, relator has no right to a stay of execution upon the judgment against him personally without giving a bond to pay the judgment against the estate. This decision assumes that the judgment against relator for the costs and the judgment against the estate for the damages is one and the same judgment. In a sense perhaps this is true. For instance, a single writ of error would bring the whole matter before the attention of this court. In another sense, and in the sense in which the term is used in the foregoing statute, there are two judgments; one against the estate for the damages, and another against relator for the costs. Relator does not ask for a stay of proceedings upon the judgment against the estate. He asks only for a stay of proceedings upon the judgment against himself. If he gives a sufficient bond to pay that judgment, he is entitled to a stay of proceedings thereon. The statute does not require him to also obligate himself to pay the judgment against the estate.

*Markham* v. *Kent Circuit Judge*, 121 Mich. 574, relied upon by respondent, is not inconsistent with this opinion. There it was merely held that the administrator had no right to a stay of proceedings upon a judgment against the estate without executing a bond to pay such judgment. The proposition decided in this opinion was not presented nor considered in that case.

The writ will issue in accordance with this opinion.