GRAND RAPIDS ELECTRIC RAILWAY CO. *v.* CALHOUN
CIRCUIT JUDGE.

MANDAMUS— TEMPORARY INJUNCTION— DISSOLUTION— DISCRETION
OF TRIAL COURT.

Where, on the answer to a bill of complaint asking for a temporary injunction, all of the material facts alleged in the bill of complaint are not denied, but the denials of the alleged facts and the affirmative assertion of other facts are incompatible with complainant's right to a decree, it is not such an abuse of judicial discretion to dissolve a temporary injunction as to warrant an interference by a writ of mandamus; especially when it appears that complainant's rights can be protected upon the final decree.

Mandamus by the Grand Rapids Electric Railway Company to compel Walter H. North, circuit judge of Calhoun county, to vacate an order dissolving a temporary injunction. Submitted April 13, 1909. (Calendar No. 23,311.) Writ denied April 24, 1909.

*William E. Grove* ( *George W. Mechem*, of counsel), for relator.

*Williams & Lewis*, for respondent.

BLAIR, C. J. This is an application for the writ of mandamus to require respondent to vacate an order dissolving a preliminary injunction.

Relator filed its bill of complaint, alleging that it had acquired all of the property rights and franchises of the Central Michigan Railroad Company, organized and incorporated on the 27th day of August, 1888; that after its organization said Central Michigan Railroad Company entered upon the construction of its road in good faith, surveyed its route, etc., made a map thereof, which was approved by the board and filed in the offices of the registers of deeds of the counties of Calhoun, Branch, and

Hillsdale; that it secured much the greater portion of the rights of way necessary for the construction of its line, " and that the right of way thus acquired included many miles of roadbed already graded and ready for the ties and rails;" that on the 10th of January, 1906, the Central Michigan Railroad Company, having become unable to complete its said road, and the same having remained for more than five years in an unfinished condition, and without having the ties and iron placed and continued thereon up to that time, and complainant being about to institute measures to appropriate the same, pursuant to the provisions of section 6242, 2 Comp. Laws, sold the same to complainant; that later complainant foreclosed a mortgage on said road, and bid the same in on the 27th day of July, 1907; that since its purchase complainant has entered upon the construction of its said road, and "has made arrangements for the construction and completion during the present year of that part of its said road which extends from Battle Creek to its southern terminus at the south line of the State," etc. ; that the defendant, the Battle Creek, Coldwater & Southern Railway Company, was organized, and filed its articles of association on December 18, 1908, for the purposes and objects as stated in said articles, " to construct, maintain and operate a railway or railways, or buy or lease and operate other railway or railways in connection therewith, in the State of Michigan, commencing at a point at or near the city of Battle Creek in the county of Calhoun, and extending southerly through the county of Calhoun and through the county of Branch to a point in or near the city of Coldwater in said Branch county, and to acquire by purchase or otherwise the roadbed and rights of way of the Grand Rapids Electric Company, a corporation formerly existing but now inactive;" that defendant has made a map including about 24 miles of complainant's roadbed and rights of way, and has applied to the railroad commission to have its said map approved, and a day for hearing said application has been fixed, and de-

fendant gives out that it intends to appropriate said roadbed and rights of way; that the acts and purposes of defendant are against the just rights of complainant, will cause it irreparable loss and damage, and are in violation of the laws of this State, and especially of section 6242, 2 Comp. Laws; that, unless restrained by injunction, the defendant will proceed to have its map approved and recorded in said counties of Calhoun and Branch, and thereby create a cloud upon the title of complainant. The prayer for relief is that defendants be perpetually enjoined from proceeding further to have their map approved and recorded, and from interfering with complainant's possession or construction of its said road, and that a preliminary injunction be issued; and that defendants be required "to change the route of their said railway, so that no part of the same will be located upon any part of your orator's said line of road or rights of way." There was also the usual prayer for general relief. A preliminary injunction was issued as prayed for, which, upon the coming in of defendant's sworn answer, was upon motion of defendant dissolved, and complainant applies to this court for the writ of mandamus to require the circuit judge to vacate said order of dissolution. The injunction was dissolved by the court—

"For the reason that the action on the part of the defendant, which is sought to be restrained pending the determination of the cause, is not such as will work an irreparable or even a serious injury to the complainant. At least it is not more serious than the injury would be which the perpetuation of it would work to the defendant."

"Ordinarily this court does not review the action of the circuit judge in injunction cases." *Ionia, etc., Ins. Co.* v. *Ionia Circuit Judge*, 100 Mich. 606 (32 L. R. A. 481).

"This court does not sit for the purpose of granting injunctions, except it be on final hearing, when we are vested with jurisdiction on appeal. Aside from the power which we exercise in such cases, we can only interpose, if at all, in a case of a plain and gross abuse of discretion. Nor is it an abuse of discretion if the circuit judge should

reach a different conclusion than we might, if authorized to sit in his place. The granting of a preliminary writ of injunction is a discretionary power vested in the courts of original jurisdiction. 1 High on Injunctions (4th Ed.), §§ 11, 15. Such a writ is not a matter of right, particularly in cases in which the parties may be fully protected by a final decree, or by a suit at law." *Detroit, etc., Plank-Road Co.* v. *Wayne Circuit Judge,* 98 Mich. 141.

While the defendant's answer does not deny all of the material facts alleged in the bill of complaint, the denials of alleged facts and the affirmative assertion of other facts are incompatible with complainant's right to a decree. We do not find such an abuse of discretion as to warrant our interference by the discretionary writ of mandamus, and we are satisfied that complainant's rights can be fully protected by the final decree.

The application is denied.

GRANT, OSTRANDER, MCALVAY, and BROOKE, JJ., concurred.