HULAN *v.* WAYNE CIRCUIT JUDGE.

1. INJUNCTION— MANDAMUS — ENJOINING ENFORCEMENT OF JUDGMENT AT LAW.

In a suit to enjoin the enforcement of a judgment in proceedings at law for the possession of land, an order of the circuit judge, after hearing the cause on the merits, providing that the preliminary injunction be dissolved, and unless complainant secure the defendant for the rental value of the premises pending her appeal from a decree dismissing the bill, in addition to the statutory appeal bond, the judgment at law should be enforced, is a discretionary matter which will not be reversed on mandamus.

2. SAME—DISSOLUTION.

The dissolution of a preliminary injunction is largely within the discretion of the circuit judge.

3. SAME.

A preliminary injunction which has been dissolved on the coming in of defendant's answer upon motion, or upon the final hearing, is not revived by the appeal.

4. SAME—APPEAL AND ERROR.

After such dissolution, if the complainant who has appealed have just cause for apprehension, he may apply to the Supreme Court for an injunction to preserve the *status quo*.

5. SAME—EFFECT OF INJUNCTION UPON JUDGMENT AT LAW.

An injunction staying proceedings at law in a pending case does not affect the validity of the judgment therein, obtained in disobedience of the injunction.

6. SAME—APPEAL AND ERROR—STAY OF PROCEEDINGS.

Where a conditional order is entered permitting the execution of the judgment at law, the appellee must comply with the condition or rely on such protection as is afforded by the appeal bond, which does not continue the protection afforded by the preliminary injunction.

Mandamus by Anna Stella Hulan to compel James O. Murfin, circuit judge of Wayne county, to vacate certain provisions in an order granting an appeal. Submitted December 14, 1909. (Calendar No. 23,732.) Writ denied February 3, 1910.

*E. A. Fink*, for relator.

*Denton Guinness (Robert M. Brownson*, of counsel), for respondent.

BLAIR, J. On the 11th day of June, 1909, respondent directed a verdict against relator, and in favor of the holders of the record title to certain lands, as grantees of her father, in summary proceedings to recover the possession of said lands, of which relator claimed to be the equitable owner by virtue of an oral agreement with her father. On the 24th day of June, relator filed her bill of complaint for the enforcement of the alleged oral agreement, pray-

ing, among other things, that the deed from her father, and the judgment at law in favor of the grantees therein, be vacated, and that a temporary injunction issue to stay proceedings under said judgment. Relator having filed a bond in the penal sum of $500; a temporary injunction was issued. After the hearing of the case, and on the 25th day of October, 1909, respondent entered a decree dismissing the bill of complaint and dissolving the injunction. Thereupon relator obtained a stay of proceedings for 20 days, and the court fixed the penalty of the bond on appeal from said decree at the sum of $300. Relator having presented an appeal bond for approval, and the defendants having presented an application for a writ of possession to enforce their judgment at law, respondent entered an order approving said appeal bond, and further providing:

" That the application for the issuance of a writ of possession in the law case referred to in said complainant's bill of complaint be and the same is hereby granted, unless said complainant shall, within two days from the date hereof, file a good and sufficient bond, conditioned for the payment of $45 per month, as stipulated damages, during her occupancy of the premises referred to in said complainant's bill of complaint, and during the pendency of her appeal, providing said complainant should not prevail in said appeal."

Thereupon relator—

" Made and presented to the court a motion for the vacation of that part of the order of the court above quoted, at the same time filing a claim of appeal to this court from said decree, and also tendering said appeal bond of $300, and moving the court thereupon for a *supersedeas* or stay order, which, pending the appeal, should stay all proceedings, including the issuance of said writ of possession, at the same time also offering to put in an appeal bond or stay bond in such sum or penalty as the court might designate, to take the place of said $300 appeal bond, if upon reconsideration the court deemed the penalty of $300 insufficient, and requesting the court, if he so considered, to name such sum or penalty as he should require for that purpose."

Respondent's return, among other things, contains the following:

"Respondent further submits that in my opinion, where a bill seeking to enjoin proceedings at law has been dismissed after a hearing, the continuance of the temporary injunction contrary to the provisions of the final decree is entirely a matter of discretion, and can only be done on such terms as in the opinion of the court shall be deemed just to all parties. In this case, having tried the lawsuit and the chancery case, I am convinced the complainant is not entitled to relief. However, she is still in possession, and is a person of no financial responsibility. If she desires to continue in a position to which she is not entitled, the defendants should be amply compensated. For these reasons I feel that if the proceedings on the lawsuit are to be further enjoined, she should furnish, in addition to the appeal bond, a special statutory bond staying the proceedings on the lawsuit as already ordered."

An order has been issued out of this court requiring the respondent to show cause why that portion of his order relating to the stay bond above quoted should not be vacated, and why he should not approve the bond tendered, or, if he considers the penalty insufficient, fix a reasonable penalty, with conditions as prescribed by the statute. Act No. 299, Pub. Acts 1909.

Counsel for relator contend that the effect of compliance with the provisions of sections 4 and 6 of said Act No. 299, is to bring the case into the Supreme Court in its entirety, and to stay all proceedings during the pendency of the appeal, citing *Wilkinson* v. *Dunkley-Williams Co.*, 141 Mich. 409 (104 N. W. 772). *Second*, that the statute prescribes the condition of the bond to stay proceedings, and no different condition can be required. The defendants are not taking or contemplating any proceedings under the decree appealed from, but under their judgment at law; the temporary injunction which restrained them from taking such proceedings having been dissolved. So far as the legal aspect of the case is concerned, the rights of the parties are no different than though the preliminary injunction had been dissolved upon motion of defendants

prior to the final decree. The dissolution of a preliminary injunction is largely within the discretion of the circuit court. *Grand Rapids Electric R. Co.* v. *Calhoun Circuit Judge*, 156 Mich. 419 (120 N. W. 1004). A preliminary injunction, which has been dissolved on the coming in of defendant's answer upon motion or upon the final hearing, is not revived by the appeal. *Brevoort* v. *City of Detroit*, 24 Mich. 322. If complainant has just cause for apprehension, he can apply to this court after appeal for an injunction to preserve the *status quo*. *Hitchcock* v. *Wayne Circuit Judge*, 144 Mich. 362 (107 N. W. 1123). An injunction staying proceedings at law in a pending case does not affect the jurisdiction of the law court, nor affect the validity of the judgment therein obtained in disobedience of the injunction. *Geddis* v. *Wayne Circuit Judge*, 151 Mich. 122 (114 N. W. 874).

We are also of the opinion that the judge before whom both cases were tried, upon dismissing the bill of complaint and dissolving the injunction, may grant an order for the execution of the judgment in the suit at law; and, if such order is conditional, the appellant must comply with it, or rely upon such protection as is afforded by the statutory bond, which does not continue the protection afforded by the injunction previous to its dissolution. *Hovey* v. *McDonald*, 109 U. S. 150 (3 Sup. Ct. 136); *Knox County* v. *Harshman*, 132 U. S. 14 (10 Sup. Ct. 8); 2 High on Injunctions (3d Ed.), § 1709; *Wilkinson* v. *Dunkley-Williams Co.*, 141 Mich. 409 (104 N. W. 772).

The application for the writ of mandamus is denied.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.