GRAND RAPIDS ELECTRIC RAILWAY CO. *v.* BATTLE CREEK, COLDWATER & SOUTHERN RAILWAY CO.

EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.
    In a suit in chancery involving the rights of two railway companies to rights of way claimed by both, the dismissal of the bill of complaint on the ground that the complainant has an adequate remedy at law is a proper disposition of the case where the question of title to the right of way is a disputed question of fact.

Appeal from Calhoun; North, J.    Submitted January 19, 1910.    (Docket No. 88.)    Decided May 7, 1910.

Bill by the Grand Rapids Electric Railway Company against the Battle Creek, Coldwater & Southern Railway Company and others for an injunction.    From a decree dismissing the bill, complainant appeals.    Affirmed.

*William E. Grove*, for complainant.
*Williams & Lewis*, for defendants.

MOORE, J. Upon the filing of the bill of complaint in this case a temporary injunction was issued. Later the temporary injunction was dissolved. After a hearing in open court the bill of complaint was dismissed and the case is brought here by appeal.

The bill of complaint alleges that complainant company was organized in 1903 for the purpose of constructing a railroad from Grand Rapids to some point on Lake Huron, and a branch road from Grand Rapids to Lansing. It is also averred that in 1888 the Central Michigan Railroad Company was duly organized for the purpose of constructing a railroad from Presque Isle to the south line of the State, and that the last-named company entered upon the construction of its road, and that its articles of association were amended in 1895, making its southern terminus in Amboy, Hillsdale county, with a branch line of road from a point in Barry county to Grand Haven, Mich. It is further averred that the Central Michigan Railroad Company was unable to complete the work it had commenced, and that said complainant became the owner by purchase of the entire railroad franchise and property of the said Central Michigan Railroad Company in January, 1906; that it also became the owner by reason of a foreclosure sale of said property made in July, 1907. It is averred in the bill of complaint that, after becoming the owner as aforesaid, the complainant made arrangements for the construction and completion of said railroad. It is further averred that the defendant railroad company was organized in December, 1908. We now quote from the bill of complaint:

"To construct, maintain, and operate a railway or railways, or buy or lease and operate other railway or railways in connection therewith, in the State of Michigan, commencing at a point at or near the city of Battle Creek, in the county of Calhoun, and extending southerly through the county of Calhoun and through the county of Branch, to a point in or near the city of Coldwater, in said Branch county, and to acquire by purchase or otherwise the roadbed and rights of way of the Grand Rapids Electric Com-

pany (meaning your orator), 'a corporation or association formerly existing but now inactive.' * * * That said defendant has made a map of the route intended to be adopted by it for its said railway, and includes within its said route, as shown by said map, all of that portion of your orator's said railroad, roadbed, and rights of way between the said cities of Battle Creek and Coldwater which lie and extend between a point on your orator's said line of railroad near the shore of Beadle Lake, in said Calhoun county, and a point on said line near the city of Coldwater, in said Branch county, and about three-fourths of a mile therefrom, where your orator's said line of railroad crosses the highway, and has applied to the Michigan railroad commission to have its said map approved, and said application has been set for hearing by said railroad commission on the 10th day of February instant at Lansing, and through its officers and agents gives out that it intends to appropriate the above-mentioned portion of your orator's said railroad, roadbed, rights of way, and to deprive your orator thereof.

"*Seventh.* Your orator further shows unto the court that one James T. Tompkins of Girard, Mich., who claims to be the president of said Battle Creek, Coldwater & Southern Railway, and one Edward F. Pangborn, of Coldwater, Mich., who claims to be its secretary, are and have been active in the promotion and organization of the said Battle Creek, Coldwater & Southern Railway Company, and in its efforts and purposes of unlawfully appropriating the aforesaid portion of your orators said railroad and depriving your orator of the same and its property rights therein, and are the instigators of the unlawful acts, efforts, and purposes aforesaid of the said Battle Creek, Coldwater & Southern Railway Company, and are also hereby made defendants herein. * * *

"And your orator avers that the acts, intents, and purposes aforesaid of the said defendants are in direct violation of the laws of this State under which the said Battle Creek, Coldwater & Southern Railway Company claims to have become incorporated, and in direct violation of section 6242 of the Compiled Laws of 1897 of this State, which expressly declares that:

"'There shall be no power, except for crossing, to take the track or right of way of any other railroad company except when any roadbed or part thereof has for five years remained, or shall hereafter for five years remain in an unfinished condition and without

having the ties and iron placed and continued thereon up to the time measures are instituted to appropriate the same.'"

The prayer of the bill is:

"(1) That the said defendants may be perpetually enjoined and restrained from proceeding any further in their efforts to have their said map approved by said Michigan railroad commission, and from filing for record or otherwise, or permitting to be recorded in the offices of the registers of deeds of said counties of Calhoun and Branch, or either of them, their said map or any map covering your orator's said railroad, roadbed, or rights of way or any part thereof, and from in any manner interfering with your orator in the construction of its said railroad, or in its exclusive possession and enjoyment thereof and of its said rights of way, franchises and property, and in the meantime that the said defendants be restrained as aforesaid until the further order of the court.

"(2) And that the said defendants by the final decree of this court be required to change the route of their said railway so that no part of the same will be located upon any part of your orator's said line of road or rights of way as located or purchased as aforesaid by it," with a general prayer for relief.

Defendants interposed an answer denying the legal organization of the complainant. It admits the organization of the Central Michigan Railroad Company, but denies that it entered upon the construction of its road in good faith. It leaves complainant to its proofs as to certain averments. It denies many of the averments of the bill.

We now quote from the answer:

"Defendants deny that said Central Michigan Railroad Company proceeded to acquire, and did acquire by purchase, rights of way 100 feet wide for the greater portion of the way along its route, as set forth in said second paragraph, and defendants aver that all said Central Michigan Railroad Company did with reference to acquiring said rights of way was within the period of six years or thereabouts after its first organization, as aforesaid, to take from property owners along its said proposed route a series of options to purchase and deeds with defeasance clauses, all of which options and deeds, with a few excep-

tions, have by their own terms long since expired and become null and void, and in the cases covered by such exceptions, in which such options and deeds no time limit was expressed within which such purchase might be made or such road might be built, such options and deeds are now unenforceable either at law or in equity by said Central Michigan Railroad Company or its successors or assigns, owing to the great lapse of time and change of property values which have ensued.

"Defendants, further answering, say that the defendant the Battle Creek, Coldwater & Southern Railway Company is the owner of fully nine-tenths of said right of way between the city of Battle Creek and the city of Coldwater, claimed by the said bill of complaint to have been owned by the Central Michigan Railroad Company, and has good and valid title thereto.

"Further answering, these defendants aver that said Battle Creek, Coldwater & Southern Railway Company within the past year has procured absolute quitclaim deeds of the farmers and others who own such right of way and who are in the actual possession thereof, which deeds grant and convey a strip of land four rods in width, the condition in said deeds in the nature of a defeasance being that, if said Battle Creek, Coldwater & Southern Railway Company does not build the proposed railway within the period of three years from the date of such deeds, then such deeds are to be void. And in this connection defendants urge that said defendant railway company is now negotiating for the small balance of such right of way, with every hope of being able to secure all the same except as to the cloud upon the title to a very small portion of such right of way represented by two quitclaim deeds to the Central Michigan Railroad Company in Calhoun county, and twelve quitclaim deeds in Branch county, and six option contracts in Calhoun county, and one option contract in Branch county, which do not contain a defeasance clause, and all of which were obtained by said Central Michigan Railroad Company 15 years ago, or thereabouts."

Then follow denials of nearly all of the averments of the bill which go to the merits of the controversy; the answer ending as follows:

"And defendants submit to this honorable court that all and every of the matters in said complainant's bill mentioned and complained of are matters which may be

tried and determined at law and with respect to which the said complainant is not entitled to any relief from a court of equity, and, further, that there is no equity on the face of complainant's bill, and defendants ask that they shall have the same benefit of these defenses as if they had demurred to complainant's bill."

After the temporary injunction was dissolved the case was brought here by mandamus, when this court declined to interfere. *Grand Rapids Electric R. Co. v. Calhoun Circuit Judge,* 156 Mich. 419 (120 N. W. 1004). The map of the defendant railroad company has been approved by the railroad commission, so that there is nothing for this court to do in relation to the action of the railroad commission. It is evident from the statement of the case which we have made that there is a sharp conflict in the claims of the parties as to who owns the various rights of way. We think it clear that the many disputed questions of fact which are involved in the controversy between the parties to this litigation should be settled in a court of law, where adequate and complete relief can be given to the parties.

The decree of the court below dismissing the bill of complaint is affirmed, with costs, but without prejudice to take such other proceedings as complainant may be advised.

OSTRANDER, HOOKER, BROOKE, and STONE, JJ., concurred.