## W. S. McCORMICK *et ux v.* J. A. PHILLIPS.

### *Jackson.* April Term, 1918.

1. **APPEAL AND ERROR.** Contempt. Injunction.

After an appeal is taken from chancellor's decree making temporary injunction perpetual, the chancery court has no jurisdiction to entertain contempt proceedings against defendant for violation of the injunction; a broad appeal in chancery having vacated the chancellor's decree. (*Post, pp.* 271, 272.)

Cases cited and approved: Furber v. Carter, 34 Tenn., 1; Pond v. Trigg, 52 Tenn., 532; Smith v. Holmes, 59 Tenn., 466; Turley v. Turley, 85 Tenn., 251; Vaccaro v. Cicalla, 89 Tenn., 63; Moses v. Grainger, 106 Tenn., 7; Davis v. Jones, 40 Tenn., 603; Enochs v. Wilson, 79 Tenn., 228; Loftis v. Loftis, 94 Tenn., 231; Fort v Fort, 118 Tenn., 103; Barnes v. Typographical Union, etc., 232 Ill., 402; State v. Harness, 42 W. Va., 414; Powhatan Coal & Coke Co. v. Ritz, 60 W. Va., 395; Gates v. McDaniel, 4 Stew. & P. (Ala.), 59; Kentucky & I. Bridge Co. v. Krieger, 91 Ky., 625; State ex rel. Carroll v. Campbell, 25 Mo. App., 635; Wilkinson v. Dunkley-Williams Co., 141 Mich., 409; Pennsylvania R. Co. v. National Docks & N. J. Junction Connecting R. Co., 54 N. J. Eq., 647; State ex rel. Mason v. Harper's Ferry Bridge Co., 16 W. Va., 864; Menuez v. Grimes Candy Co., 77 Ohio St., 386; Merrimac River Savings Bank v. City of Clay Center, 219 U. S., 527; Humphreys County v. Houston County, 63 Tenn., 591.

2. **APPEAL AND ERROR.** Contempt. Injunction.

Where an appeal is taken from a decree making temporary injunction perpetual, appellate court has jurisdiction to punish defendant for contempt because of violation of injunction. (*Post, pp.* 272-274.)

Code cited and construed: Secs. 5918, 5924 (T.-S.).

McCormick v. Phillips.

3. **CONTEMPT.** Punishment. Appeal.
An appeal from chancellor's decree for injunction does not prevent an indictment of defendant for public contempt for violation of the injunction and his punishment in a criminal court. (*Post, p.* 274.)

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —Hon. F. H. Heiskell, Chancellor.

R. Lee Bartels, for complainants.

L. T. Fitzhugh and Edgar Webster, for defendant.

Mr. Chief Justice Neil delivered the opinion of the Court.

It appears that prior to the 26th of October, 1917, there was filed in the chancery court of Shelby county, a bill by complainants against defendant to enjoin him from erecting a certain private levee on which he contemplated constructing a road leading from his farm to a public road mentioned in the pleadings, on the ground that the erection of the levee would cause an overflow of the complainant's land. A *fiat* was granted by the chancellor, and an injunction issued of a temporary nature, restraining the defendant, Phillips, from proceeding with the building of the levee, and this injunction was afterwards,

by the decree of the court in that case, in a modified form, made perpetual. This decree was entered on August 8, 1917. An appeal bond was filed on September 6, 1917, but there was no prayer for, or grant of, an appeal. On November 15, 1917, a *nunc pro tunc* order was entered as of date August 11, 1917, showing the granting of an appeal. The defendant was adjudged guilty of contempt on October 26, 1917, for violation of the injunction order contained in the final decree which, as stated, modified the preliminary injunction in certain particulars not necessary to be stated, but was allowed to purge himself by restoring the situation as it stood before his violation of the injunction within twenty days after the 26th of October. After the expiration of the twenty days, and in the month of December, 1917, it was represented to the chancellor, by petition, that the defendant had not complied with the order granting him time to restore the situation, and such proceedings were had as that an order was finally entered, directing that he should be imprisoned until he should comply, or should give the bond therein described. From this judgment an appeal was prayed and granted to the court of civil appeals.

Pending the contempt proceedings in the chancery court the defendant interposed a plea to the chancellor's jurisdiction, on the ground that, the decree in the original cause having been appealed from, the chancellor was denuded of further jurisdiction, and

therefore there could be no contempt proceedings instituted against defendant.

The court of civil appeals held that the chancellor had jurisdiction to entertain contempt proceedings against the defendant for violation of the injunction contained in the decree in the principal case appealed from, notwithstanding the appeal, and so affirm the chancellor's decree. The case was then brought to this court by the writ of *certiorari,* and it is now here for our decision.

We are of the opinion that the court of civil appeals was in error. The rule long established in this State is that a broad appeal in chancery vacates the decree of the chancellor, and this necessarily involves all orders contained in such final decree, whether for injunction or otherwise. *Furber* v. *Carter,* 2 Sneed (34 Tenn.), 1; *Pond* v. *Trigg,* 5 Heisk. (52 Tenn.), 532, 536; *Smith* v. *Holmes,* 12 Heisk. (59 Tenn.), 466; *Turley* v. *Turley,* 85 Tenn., 251, 1 S. W., 891; *Vaccaro* v. *Cicalla,* 89 Tenn., 63, 14 S. W., 43; *Moses* v. *Grainger,* 106 Tenn., 7, 58 S. W. 1067, 53 L. R. A., 857. And see *Davis* v. *Jones,* 3 Head (40 Tenn.), 603; *Enochs* v. *Wilson,* 11 Lea (79 Tenn.), 228; *Loftis* v. *Loftis,* 94 Tenn., 231, 237, 28 S. W., 1091; *Fort* v. *Fort,* 118 Tenn., 103, 111, 112, 101 S. W., 433, 11 Ann. Cas., 964.

It appears that a different rule obtains in some other States. *Barnes* v. *Typographical Union, etc.,* 232 Ill., 402, 83 N. E., 932, 14 L. R. A. (N. S.), 1150, 122 Am. St. Rep., 129; *State* v. *Harness,* 42 W. Va.,

414, 26 S. E., 270; *Powhatan Coal & Coke Co.* v. *Ritz,* 60 W. Va., 395, 56 S. E., 257, 9 L. R. A. (N. S.), 1225; *Gates* v. *McDaniel,* 4 Stew. & P. (Ala.), 59; Id., 3 Port., 356. In other jurisdictions it is held that the power of the lower court is lost by the appeal. *Kentucky & I. Bridge Co.* v. *Krieger,* 91 Ky., 625, 16 S. W., 824; *State ex rel. Carroll* v. *Campbell,* 25 Mo. App., 635; *Wilkinson* v. *Dunkley-Williams Co.,* 141 Mich., 409, 104 N. W., 772, 7 Ann. Cas., 40; *Pennsylvania R. Co.* v. *National Docks & N. J. Junction Connecting R. Co.,* 54 N. J. Eq., 647, 35 Atl., 433; *State ex rel. Mason* v. *Harper's Ferry Bridge Co.,* 16 W. Va., 864; *Menuez* v. *Grimes Candy Co.,* 77 Ohio St., 386, 83 N. E., 82, 11 Ann. Cas., 1037. In the federal courts the practice is to enter an order retaining control of the injunction in the lower court, but it seems the appellate court also has jurisdiction in such a case. *Merrimac River Savings Bank* v. *City of Clay Center,* 219 U. S., 527, 31 Sup. Ct., 295, 55 L. Ed., 320, Ann. Cas., 1912A, 513. In Tennessee an order retaining jurisdiction in the lower court cannot be made. It was attempted in *Humphreys* Co. v. *Houston* Co., and held void, or rather vacated by the appeal. *Humphreys County v. Houston County,* 4 Bax., 591.

The impossibility of sustaining the judgment of the court of civil appeals and the chancellor in the present instance will be readily seen from a brief consideration of the nature of contempt proceedings. It may be stated in a general way that these proceed-

ings have two aspects. One is public for the vindication of law and order, and the orderly administration of proceedings in court, and is punished by fine and imprisonment; the other of a private nature, and is intended to give relief to the party injured. Our statute upon the subject of contempts appears in Thompson's Shannon's Code sections 5918 to 5924, inclusive. Sections 5920 and 5921 are primarily remedial. It is provided in section 5920 that:

"If the contempt consists in an omission to perform an act which it is yet in the power of the person to perform, he may be imprisoned until he perform it."

Section 5921 provides: "If it consists in the performance of a forbidden act, the person may be imprisoned until the act is rectified by placing matters and persons *in statu quo,* or by the payment of damages."

The judgment in the contempt proceeding in the present case was of a remedial nature, designed to restore the *status* as it existed when the decree in the main case was entered. Inasmuch as that decree was utterly vacated by the appeal, which was prayed and prosecuted before the final order of imprisonment in the present case was entered, it is perfectly clear that the chancellor's jurisdiction was gone. The jurisdiction was in the court of civil appeals, where the appeal rested. That court had power to punish for the contempt, because a change of the *status*, after the appeal was granted and bond given,

was an effort on the part of the defendant to interfere with the jurisdiction of the court of civil appeals by changing the condition of the property and the attitude of the parties, on which that court's decree on consideration of the merits had finally to rest.

Of course, the appeal did not vacate the original injunction, which was granted at the time the bill was filed. Whether the chancellor had power to punish for the contempt involved in the violation of the original injunction we need not consider, because no attempt of that kind was made. However, it may be doubted whether he would have such power to punish as for public contempt, as the original cause had left his court, since the contempt proceedings whether of a public or private nature, are treated as being an incident of the cause, and after the cause has left his court we are unable to see how the chancellor could further deal with it. This, however, would not prevent an indictment of a party for public contempt, and his punishment in the criminal court.

The result is that the judgment of the court of civil appeals must be reversed, and the contempt proceedings dismissed, at the cost of the complainant.