ZMUDCZYNSKI *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—DISCRETION OF COURT.
   Court did not abuse its discretion in refusing to continue receivership for premises pending appeal from decree dismissing suit to set aside judgment of restitution in summary proceedings, where it is indicated that court found little merit in claim that said judgment was invalid.

2. SAME—DUTY OF COURT TO FIX PENALTY OF STAY BOND.
   Under 3 Comp. Laws 1915, § 13756, it is duty of court to fix penalty of stay bond on review whatever its effect may be upon other proceedings.

Mandamus by Stanley Zmudczynski and another to compel Clyde I. Webster, Wayne circuit judge, to fix bond to stay proceedings. Submitted April 9, 1929. (Calendar No. 34,176.) Writ granted June 3, 1929.

*Anthony Nelson,* for plaintiffs.

*Savery, McKenzie & Hamilton,* for respondent.

FEAD, J. October 23, 1926, plaintiffs and Carl Reichle entered into a construction contract for the erection of an apartment house, plaintiffs deeding the lot to Reichle, taking back a land contract, with credit of down payment of $20,000 represented by the lot, and balance of $86,500, the cost of the building, to be paid at the rate of $700 or more per month. Plaintiffs paid $3,605 on principal and interest from December, 1926, to May, 1927. They made no payments thereafter. Reichle commenced summary proceedings before a circuit court commissioner and

had judgment of restitution on January 11, 1928, with amount found due $5,627.48. Writ of restitution was issued. On March 14th, plaintiffs filed bill to set aside the summary proceedings on the ground of want of service of summons, and also asked damages for faulty construction of the building. They obtained a preliminary injunction restraining Reichle from taking possession. On motion to dissolve the injunction and dismiss the bill, which was denied, the court appointed Detroit Trust Company as receiver, with instructions that plaintiff Stanley act as janitor and that plaintiffs have a room in the building, the receiver having authority to discharge and eject them without the necessity of making application therefor if the services were unsatisfactory. The suit came on for hearing and the court found that service had been regularly made in the summary proceedings, held the judgment therein was *res adjudicata,* and refused to hear the question of damages. A final decree was entered on November 2d, dissolving the preliminary injunction, dismissing the bill, terminating the receivership, ordering that Reichle have possession of the premises, and directing issuance of writ to put him in possession. Plaintiffs gave notice of appeal and petitioned for leave to file a bond to stay proceedings, asking that the receivership be continued. On November 17th the court entered an order denying plaintiffs possession, ordering that Reichle and his wife have exclusive possession during the appeal, but enjoining them from disposing of the premises and requiring them to keep an accurate account of all receipts and disbursements and setting the appeal bond at $150 to cover costs. On November 26th a further order was entered denying plaintiffs' petition that the receiver continue in possession during appeal

and that the court fix the amount of an appeal bond to stay proceedings. On petition for writ of mandamus this court issued an order to respondent to show cause why he should not set aside the order of November 26th, denying plaintiffs' motion, (a) to permit the receiver to remain in possession pending appeal, and (b) to fix the bond and stay proceedings pending appeal.

The first part of the order presents for review the discretion of the chancellor in refusing to continue the receivership pending appeal. Upon the order to show cause the circuit judge returned that the plaintiffs were not in possession of the premises when they commenced their suit; that after a full hearing the summary proceedings and judgment therein were held valid; and that Reichle's equity in the premises is sufficient to secure any judgment for faulty construction which the plaintiffs might obtain in case the summary proceedings be finally held invalid. The plaintiffs had long been in default in their contract before the proceedings to oust them were begun. The chancellor heard the testimony in the summary proceedings and his refusal to continue the receivership during appeal is indicative that he found little merit in plaintiffs' claim of invalidity of the judgment of restitution. We cannot say the court abused its discretion. As bearing upon the situation at the present time, it appears that, although plaintiffs have had ample time to present their appeal of the main case at the pending term of this court, they have not done so. The writ is denied as to this ground.

Under the statute, 3 Comp. Laws 1915, § 13756, it is the duty of the court to fix the penalty of a stay bond on review. *Luther* v. *Kent Circuit Judge,* 151 Mich. 71. The effect of the bond upon the pre-

liminary injunction or in staying execution of the writ of restitution, *Hulan* v. *Wayne Circuit Judge,* 159 Mich. 605; *Brevoort* v. *City of Detroit,* 24 Mich. 322; *Wilkinson* v. *Dunkley-Williams Co.,* 141 Mich. 409 (7 Ann. Cas. 40), is not in issue. Plaintiffs were entitled to give a bond to stay execution of the decree of the chancery court, whatever may have been its effect upon other proceedings.

The writ will issue to require respondent to set the penalty of the appeal bond, but without costs.

North, C. J., and Fellows, Wiest, Clark, Mc-Donald, Potter, and Sharpe, JJ., concurred.